SMITH AND WIFE et al. vs. HOOPER, Executor.

1. The husband is a necessary party to the settlement of an estate, of which his wife is a distributee, had in the Court of Probate since the passage of the acts of 1848 and 1850, "securing to married women their separate estates."
2. Therefore, an irregular final decree of settlement and distribution, had in the Court of Probate by consent of all the distributees of the estate, to which the husband was not a party, will be reversed on writ of error sued out by the husband and wife for the use of the wife in the name of all the distributes, although the wife appeared on the settlement by attorney in fact, and consented to all the proceedings.

ERROR to the Court of Probate of Dallas.

BOLING & STONE, for plaintiffs in error.
GEO. W. GAYLE, contra.

PHELAN, J.—This was a final decree in the Probate Court of the county of Dallas, for the settlement and distribution of the estate of John Hooper, deceased.

The testator died without leaving any children who could inherit his property, and his brothers and sisters were his heirs at law.

The parties to the proceedings in the Probate Court were Z. L. Hooper, the executor, who was a brother, and Francis M. Hooper, Joseph H. Hooper, Henry Hooper, Henry W. Hundly, in right of his wife, Eliza L. Hundly, and Martha M. Smith, the other brothers and sisters of the deceased, who it is stated in the record, were all the distributees, and were all of full age. Some of them appeared by attorneys in fact in conducting the proceedings, and such was the case with Martha M. Smith, who appeared by her attorney in fact, James McDearman.

The parties, to hasten the settlement and distribution of the estate, being all of full age, and many of them residing at a distance, consented that an order should be made for the sale of the real estate of the deceased, in a manner wholly unauthorized by the statute regulating such sales, and the land was sold accordingly.

By the same consent, a sale of the personal estate which was ordered was made for *cash*.

By a like consent, the acts of the executor in conveying to Ohio certain slaves of the testator, which he directed should be done in order to effect their emancipation, and the appropriation of three hundred dollars from the share of each distributee to defray the expense of their removal, which was a sum considerably below what the testator had appropriated for that purpose, were ratified and approved.

A final decree was rendered in favor of each of the other distributees against the executor, Z. L. Hooper, for their respective shares, and he was decreed to retain his own share after final settlement of his accounts, and the parties all acknowledge payment and satisfaction of their respective shares on the record, Martha M. Smith acting as it is said by her attorney in fact, James McDearmen.

After the final decree aforesaid was rendered, Sexton W. Smith, one of the plaintiffs in error, propounded his interest in the estate of John Hooper, deceased, in right of his wife, Martha M. Smith, in the Probate Court, by proper proceedings for that purpose, and was admitted to appear as a party in interest in the settlement and distribution of the estate of John Hooper, deceased, and to litigate all the matters connected with the same; and thereupon a writ of error was sued out by said Smith and wife, (for the use of the wife,) in the name of all the distributees, to reverse the decree aforesaid. These thing were not actually done, but the counsel on both sides representing all the parties, to save time and trouble, agree to consider them as being done, and to amend the writ of error and the record accordingly, and the record and writ of error are so considered.

All the other distributees, appearing in this court by counsel, ask to sever from Smith and wife in the assignment of errors, which is granted them; and they decline to assign errors, and ask that as to them the decree of the court below may be affirmed.

Smith and wife, (use of Mrs. Smith,) assign for error the several matters aforesaid, touching the sale of the property for *cash,* the sale of the lands, and the agreement to ratify the act of the executor, in taking to Ohio the slaves directed to be set free, and the allowance to the executor to defray the expense of their removal.

As these things were all done by consent, and the ordinary course of proceeding was dispensed with, upon the idea that such consent would cure all irregularities, and as it now appears that Sexton W. Smith, the plaintiff in error, as the husband of Mrs. Smith, was not before the court to make any consent, it follows, as a matter of course, that the whole proceeding, which was done irregularly as upon consent, is erroneous.

That the husband is a party in interest in the settlement of an estate of which his wife is a distributee, since the passage of the acts of this State, of 1848 and 1850, "securing to married women their separate estates," it is needless to argue. The words of the statutes, particularly of the statute of 1850, make this manifest. He is thereby allowed the enjoyment of the income of her estate, for his life, (with a special provision as to his liability to be removed from his trusteeship,) without being under any obligation to account for them to any one.

We would willingly respond to the wishes of the other plaintiffs in error, and affirm the decree of the court below as to them, if it could be done so as to answer any good end; but the error which has intervened, is so radical and extensive, and enters so thoroughly into the whole proceedings, that we deem it proper to reverse the decree *in toto.*

The decree of the court below is reversed, and the cause remanded.