## TURNER'S ADM'R vs. WHITTEN.

[PETITION FOR ALLOTMENT OF PERSONAL PROPERTY FOR USE OF DE-
CEDENT'S FAMILY.]

1. *Exemption of property for use of decedent's family.*—On the death of a
widow, whose family is composed of an only child, the child is enti-
tled to the benefit of the exemption provided by the statute, (Code,
§ 1738,) for the family of a decedent.

2. *Jurisdiction of probate court to allot exempt property.*—Under the gen-
eral grant of jurisdiction "for orphans' business," the probate court
has the authority, under a petition filed by the members of a dece-
dent's family, to allot to them the personal property to which they
are entitled under section 1738 of the Code.

APPEAL from the Probate Court of Lowndes.

IN the matter of the petition of Mrs. Anna Whitten, the
wife of C. H. Whitten, for an allotment to her of certain
articles of household and kitchen furniture, which were in
her possession, and which she claimed under section 1738
of the Code. The record does not show when the petition
was filed. The cause was heard on the 12th February,
1867. The petition alleged, that said petitioner was the
daughter and only child of Mrs. Harriet S. Turner, deceased,
and lived with her mother at the time of her mother's death,
which occurred in 1863; that she was unmarried at the time
of her mother's death, and was the sole surviving member of
her family; that letters of administration on her mother's
estate were granted, by the probate court of said county,

Turner's Adm'r v. Whitten.

to J. H. Kendrick; that the petitioner, as the sole surviving member of the family, was entitled, under the statutes of the State, "to certain household and kitchen furniture, belonging to, and in the possession of her said mother, at the time of her death"; that none had been set apart to her, either by the administrator, or by order of the probate court; that the administrator had sold the greater part of the furniture, but the petitioner still retained in her possession certain articles, which she specified, and which she asked might be set apart to her by order of the court. The administrator appeared, and demurred to the petition; but the court overruled his demurrer. The grounds of demurrer, if any were specified, are not stated in the record.

"On the hearing," as the bill of exceptions states, "it appeared in evidence that the petitioner was the wife of C. H. Whitten, and was under twenty-one years of age, but was living with her mother, Mrs. Harriet S. Turner, at the time of her death, and was then unmarried, and was the only surviving member of her mother's family; that she had been in possession of the property in dispute, ever since her mother's death; that her father, Thomas U. Turner, died several years before her mother, and left a considerable estate, consisting of both real and personal property, which was administered in the probate court of said county; that her mother afterwards married again, but survived her second husband; that the said Harriet S. Turner, at her death, left an estate of both real and personal property, which has since been declared insolvent; and that it is out of this estate the petitioner seeks to have set apart to her the said property specified in her petition. The administrator objected to the petition, and to any allowance under it out of the estate; insisting that the statute applied only to the estate of the father, and not of the mother. The court overruled the objection, and granted the prayer of the petition, and ordered the property specified in the petition to be set aside for the petitioner; to which order the administrator excepted."

The administrator now assigns as error—"1st, that the court erred in taking jurisdiction of the petition; 2d, in

overruling the demurrer; 3d, in the decree rendered; and, 4th, as shown by the bill of exceptions."

CLEMENTS & WILLIAMSON, for appellant.

W. C. GRIFFIN, contra.

A. J. WALKER, C. J.—The most important question of this case is, whether the child, who composed the family of a widow, is, upon the death of the latter, entitled to the benefit of the exemption provided by section 1738 of the Code and the statutes amending it.

In the construction of statutes, we are permitted, when there is any doubt or ambiguity, to seek the intention of the legislature, by inquiring after the mischief and defect to be remedied, and the reason of the law.—*Huffman v. State*, 29 Ala. 40; Sedgwick on Statutory and Constitutional Law, pp. 231–236.

"The object of the legislature, in the enactment of the" law in question, "doubtless was to provide the family of the deceased with the present means of subsistence and comfort, by allowing them to retain, free from account on the part of the executor or administrator, such articles as were indispensable for their maintenance and convenience."—*Carter v. Hinkle*, 13 Ala. 529. No conceivable reason for a discrimination against the children of a deceased widow can be found. Why should the children of a deceased man have the benefit of the exemption, while it is denied to the children of a deceased widow?

The section of the Code uses the masculine pronoun; but, under section 1 of the Code, the masculine includes the feminine. The act of 30th January, 1860, (Pamphlet Acts, p. 18,) amends section 1738 of the Code, by giving the exemption operation against "heirs, distributees, or legatees." It uses the word "man"; but the fact that it was framed in reference to a section of the Code, and with a view to its amendment, affords a strong pursuasive argument, that its language was adopted in reference to the provision which declares that the masculine includes the feminine. It is obviously used as a generic term, and includes females as well as males.

2. We entertain no doubt that, under its general grant of jurisdiction "for orphans' business," the probate court had the authority which it exercised in this case.—*Mims v. Sturdevant*, 23 Ala. 664 ; *S. C.*, 36 Ala. 636 ; *Mims' Adm'r v. Mims*, 39 Ala. 716 ; *Dobbs v. Cockerham*, 2 Porter, 328 ; *Merrill v. Jones*, 8 Porter, 557.

Affirmed.