## JOHNSTON *vs.* DAVENPORT, ADMINISTRATOR.

[WIDOW'S PETITION FOR HOMESTEAD EXEMPTION.]

1. *Widow's petition for homestead exemption—objection to form of.*—Where the petition of the widow for the homestead exemption, of the value of $500 of her husband's lands, fails to set out the names of the minor children, and no objection is made on that account in the court below, such an objection being made for the first time in this court, cannot avail.

2. *Widow's dower—homestead exemption.*—The fact that the widow has a separate estate, of greater value than her dower and distributive share, will not bar the right of herself and her minor children, to their homestead exemption, of the value of $500, in the lands of her husband.

APPEAL from Tallapoosa Probate Court.

THIS was a petition, filed by Mary Ann Johnston, as widow of Joseph Johnston, deceased, in behalf of herself, and her minor children, asking that there might be "set off by metes and bounds, real estate to the value of five hundred dollars, to include the homestead, or such portion thereof as can be selected, without injury to the remaining portion of the estate," for the benefit of herself, and said minor children. The petition sets forth, that the estate of her husband is insolvent, and that Luke Davenport, his administrator, had filed his application for the sale of the real estate. The petition was contested by the said administrator, and the parties agreed upon the following state of the facts of the case: "1st. That the estate is insolvent. 2d. That the widow, Mary Ann Johnston, had, at the death of decedent, a separate estate, which, exclusive of the rents, incomes and profits, and inclusive of the increase of slaves, was greater in value than her dower interest and distributive share in her husband's estate, estimating her dower interest in his lands at seven year's rent of the dower interest, and which said separate estate is now greater in value than her dower interest, as above. 3d. That Mary Ann Johnston has a home where she now resides, and was

residing at, and before the filing of her said application."
In describing the parties to the petition, the following language is used : "Your petitioner further states, that the names of all the children of said deceased, (and three of whom were under the age of 21 years at the time of the death of said decedent,) are correctly set forth in said application, (of the administrator,) to sell the lands."

On final hearing, the court dismissed the petition, at the cost of the petitioner, who thereupon appealed, and assigns for her error the order of the court below dismissing her petition.

STONE, CLOPTON & CLANTON, for appellants.
W. H. BARNES, *contra*.

A. J. WALKER, C. J.—The court below dismissed the petition of a widow for the allotment to her and the minor children, of five hundred dollars worth of land of the insolvent estate of her deceased husband. The dismissal of the petition, it is contended, was right because it did not set out the names of the minor children, but merely referred to them as correctly set out in another paper in the court. There was no demurrer or objection to the petition in the court below. We are not therefore called upon to determine what action the court should have taken if the objection had been made at the proper time and in the proper manner. We are decidedly of the opinion, that the objection being made for the first time in this court can not avail. A decree might have been predicated upon the facts stated in the petition, which would have been valid. If the title had been vested in the widow by name and the minor children as a class without designation by name, it would have been valid upon the maxim " *id certum est quod certum reddi potest.*"

The court dismissed the petition because it appeared that the widow possessed a separate estate which, exclusive of the rents, income and profits, was greater than her dower and distributive share. Section 2380 (1991) of the Revised Code does not exclude the reception of the benefit given by § 2061, (1738.) It defeats the right to dower and dis-

tributive share only. The latter section does not give dower or distributive share. It is an interest reserved for specified beneficiaries independently of the law of dower and distribution. The point, we think, is settled by the principle which underlies the decision in *Chisholm v. Bowden*, in manuscript, delivered on 14th June, 1867.

Decree reversed and cause remanded.