# Thompson's Administrator v. Thompson.

### Petition by Widow for Allotment of Exempt Property.

1. *Widow's right to property exempt from administration.* — Before the final set-tlement of the solvent estate of the deceased husband, the claim of his widow to the property of his estate exempted from administration is not affected by the fact that she has a statutory separate estate.

2. *Children's right to exempt property.* — Under the act approved April 23, 1873, entitled "An act to regulate property exempted from sale for the payment of debts," only children under twenty-one years of age can claim an interest in the exempt personal property.

3. *Extent of exemption.* — The said act of 1873, unlike the statute which it re-pealed (Rev. Code, § 2061), does not exempt the personal property which it re-serves from administration, from the claims of heirs, distributees, and legatees.

4. *Jurisdiction of probate court to allot exempt property.* — Under the constitu-tional grant to the probate court of jurisdiction "for orphans' business," that court may entertain jurisdiction of a petition by a decedent's widow or child, for the allotment and appraisement of personal property, under the act approved April 23, 1873, as exempt from administration.

5. *When appeal lies.* — On appeal by the administrator from a decree of the pro-bate court, setting apart to the widow, on her petition, certain personal property belonging to the estate of her deceased husband, as exempt from administration under the act of 1873, the court said: "It would be better if such order were ex-ecuted and confirmed, before the appeal was taken; but, as the question is imma-terial in this case, we will not decide it."

APPEAL from the Probate Court of Mobile.

In the matter of the estate of Drury Thompson, deceased, on the application of his widow, Mrs. Nancy D. Thompson, for the appraisement and allotment to her of certain personal property, which she claimed as exempt from administration under the provisions of the act approved April 23, 1873. Session Acts 1872–3, p. 64. The court granted the order as prayed in the petition, and the administrator excepted to the decision; and this decree of the court, from which the appeal is sued out by the administrator, is now assigned as error.

JNO. T. TAYLOR, for the appellant.

GEO. N. STEWART, *contra.*

B. F. SAFFOLD, J. — The appellee, as the widow of Drury Thompson, of whose estate the appellant is adminis-trator, petitioned the probate court to order the appraisement of certain property of the decedent, with a view to its being set apart to her under the exemption law of 1872–3. The administrator objected, on the grounds: 1st, The applicant had a separate estate, greater in value than would be her dower interest and distributive share. 2d, The decedent left three children, though they were of full age, and had left the family, who would be entitled to share with her, if the exemp-

tion is allowed. 3d, The estate would not be insolvent, if the property claimed was administered. 4th, The court had not jurisdiction to grant the relief. The children appeared in court, and propounded their interest. The court simply decreed, that, as the children had married, and left the family before the decedent's death, they were not entitled to share in the exemption: and that the widow was entitled to one thousand dollars' worth of the personal property of the estate, to be exempt from administration. The administrator appeals from this decision, and here assigns it as error.

1. The separate estate of the wife has no influence on her claim to the exempted property prior to a final settlement. *Chisolm* v. *Chisolm's Ex'rs*, 41 Ala. 327; *Johnston* v. *Davenport*, 42 Ala. 317; *Jordon* v. *Strictland*, Ib. 315.

2. Section 3 of the act " To regulate property exempted from sale for the payment of debts," approved April 23, 1873 (Acts 1872–3, p. 64), exempts from the payment of debts " personal property, to the value of one thousand dollars, of any resident of this State, after his death : " "*Provided*, such decedent leaves, surviving him, a widow or child." Section 12 of the same enacts, " That any person dying, leaving a widow, or child, or children under the age of twenty-one years, members of his family ; in addition to the exemptions heretofore made under this act, there shall be exempt," &c. (an enumeration of articles) " all of which shall be set apart by three disinterested persons, to be selected, two of them by the widow, if there be a widow, and one by the judge of probate ; and if there be no widow, then by three such persons to be appointed by the judge of probate, and turned over to the family *forever, free from administration*, or the debts of the deceased," &c. Section 13 requires the executor or administrator, after making out an inventory of the estate of any decedent who left surviving him a widow or minor child, to permit said widow, or the guardian of such child or children, if there is no widow, or she does not act, to *select* the exempted property. It provides the manner of its appraisement, which must be returned to the probate court with the appraisement of the residue of the estate. It vests such property in the widow and child, or children, in equal proportion, to be used by the widow, for the support of herself and the children. If the estate is solvent, it is to be accounted for on final settlement, as so much of the distributive shares of those who receive it. Section 14 authorizes each of such children, leaving the family, to take his proportion of what may be on hand at the time.

The benefits of this statute, in respect to the children, are clearly confined to those who are under twenty-one years of

[Falkner v. Christian's Administrator.]

age at the time of the decedent's death. The proviso to the third section presents an apparent contradiction. But the thirteenth section declares, expressly, in whom the property shall vest. The provision is small, and is for the widow and young children. If the estate is solvent, they account for it to the other heirs. The accountability is postponed to the final settlement and distribution.

3. If the estate should prove to be solvent, and the widow's separate estate be sufficient to exclude her from distribution, the difficulty or anomaly will be no greater, than if she had no separate estate, and the decedent's estate was solvent only in a nominal sum beyond the exempted property. In either case, she would be liable to refund what she had received. The present statute differs, in this respect, from R. C. § 2061, which it expressly repeals. By that statute, the personal property was exempt from the claims of heirs, distributees, and legatees.

4, 5. *Turner's Adm'r* v. *Whitten* (40 Ala. 530), was a case like this, in the mode of proceeding. It was there decided, that the probate court had jurisdiction of the petition, under its general grant of jurisdiction " for orphans' business." The decree was in favor of the petitioner, and the appeal was taken by the administrator. No objection was made to the finality of the decree. In the cases above cited, the petitions were dismissed, and of course the action was final. There might arise questions subsequently to the order of the court granting the petition, which would require adjudication. It would be better if such order were executed and confirmed by the court, before the appeal was taken. But, as · the question is immaterial in this case, we will not decide it.

The judgment is affirmed.