## HORTON *v.* HILLIARD.

Opinion delivered December 16, 1893.

1. *Dower and homestead—Practice.*

   The existence and location of the homestead must be considered by the probate court on approving the report of commissioners appointed to assign dower, although the petition for dower does not mention the homestead, as the commissioners are bound to take notice of the homestead, whether mentioned in the petition or not.

2. *Dower—Assignment.*

   Dower and homestead being distinct rights, a widow, entitled to a homestead in part of the decedent's lands, is entitled also to

receive as dower one-third of the entire real estate, including
the homestead, and may have it laid off elsewhere than upon
the homestead.

Appeal from Chicot Circuit Court.

CARROLL D. WOOD, Judge.

*W. G. Streett*, *Wm. B. Streett* and *U. M. & G. B. Rose* for appellant.

1.   The widow is entitled to dower, and to homestead in addition thereto ; and she has a right to select her homestead, and require the commissioners to lay off dower in the balance of the lands, so as not to include the homestead.   Mansf. Dig. secs. 2571, 2590 ; 47 Ark. 455 ; 40 *id*. 26, 27 ; 33 Vt. 651 ; 31 Ark. 145–9, 150 ; 33 *id*. 399 ; 40 *id*. 17 ; 47 *id*. 510 ; Const. Ark. art. 9, sec. 6 ; 42 Ark. 503.   The dower and homestead rights are cumulative.   Smyth, H. & Ex. pp. 286, 292 ; Thomps. Homesteads, sec. 555 *et seq;* 41 Ala. 327 ; 42 *id*. 315 ; 48 *id*. 70 ; 22 Wis. 120 ; 97 Mass. 392 ; 5 Allen, 146 ; 11 *id*. 194 ; 50 Ill. 477 ; 60 *id*. 281 ; 4 Heisk. 222 ; 35 Vt. 290 ; 5 Mo. 273 ; 46 Miss. 64 ; 32 Mich. 380.   The homestead right is paramount.   54 Ark. 9 ; 21 Tex. 605 ; 68 Mo. 13 ; 32 Mich. 380.

2.   The case should have been tried *de novo*.   52 Ark. 283 ; 34 *id*. 240 ; 33 *id*. 508 ; 38 *id*. 388 ; 26 *id*. 527, 532.

*D. H. Reynolds* for appellee.

The issue as to the homestead could not be raised in the circuit court for the first time by amendment.   26 Ark. 533 ; 27 Ark. 11, 12 ; 38 Ark. 388 ; 44 *id*. 376 ; 48 *id*. 352 ; 44 *id*. 379 ; 25 *id*. 15.

JOHN B. JONES, Special Judge.   Isaac H. Hilliard died, intestate, in 1882, leaving him surviving appellant, his widow, and no children, but leaving a brother and the children of a deceased sister his heirs at law.   Hilliard, at the time of his death, owned and lived upon a

plantation of about 2000 acres in Chicot county. Application was made to the probate court for the assignment of dower, and an order made appointing commissioners in October, 1884, and the commissioners did not act until October, 1885. They then reported to the court an assignment of dower, and the report was at once approved. The widow was then absent from the State, and had no notice of the action of the commissioners. The dower was so laid off as to include the residence, and ignore the existence of the homestead. After her return in November, 1885, the widow filed objections to the report and order approving it, and appealed the cause to the circuit court. On trial of the appeal she objected to the report, and moved to amend the petition for dower, so as to set up the homestead ; but the court ruled that the question of homestead was not before the probate court, and therefore could not be tried in the circuit court, refused the amendment, and confirmed the report of the commissioners.

The circuit court should have tried the cause *de novo*. *Hilliard* v: *Hilliard*, 52 Ark. 283.

1. As to homestead and dower.

Every person dealing with the estate was bound to take notice of the homestead. The purchaser at probate sale must take notice of it. It is a misdemeanor, punishable by fine and imprisonment, for the administrator to attempt to sell the homestead. *McCloy* v. *Arnett*, 47 Ark. 455. The fact that the petition for dower did not mention the homestead did not affect that right. The commissioners could not lay off the homestead, but were bound to take notice of it, whether mentioned in the petition or not. Their duty was to assign dower. The dower could not be legally assigned without recognizing the existence and location of the homestead. The existence of the homestead, then, was properly before the probate court on approval of the report of the commissioners, and was before the circuit court on trial of

the appeal. "The commissioners appointed to lay off dower in the lands of the deceased husband shall, at the request of the widow to be endowed, lay off the same on any part of the lands of the deceased, whether the same shall include the usual dwelling of the husband and family or not; *provided*, the same can be done without essential injury to such estate." Sec. 2590, Mansfield's Digest.

The widow was deprived of the benefit of this statute by the action of the commissioners in proceeding without notifying her and giving her the privilege of selecting her dower. The report should not have been approved unless it appeared from it, or other evidence, that the widow had notice and an opportunity to avail herself of the privilege given her by the statute.

Our constitution gives the homestead to the widow and minor children as a right in the estate, in addition to the dower of the widow. Sec. 6, art. 9, is as follows : "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's rights to cease at twenty-one years of age—and the shares to go to the younger children, and then all go to the widow, and provided said widow or children may reside on the homestead or not ; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

In construing this section of the constitution, this court in *Thompson* v. *King*, 54 Ark. 12, said : "Its terms, and the reason upon which it is founded, show that the minor children were thereby intended to be pro-

vided for during their minority, independently of the widow.''

2. As to assignment of dower.

The widow's dower was fixed by law, and the commissioners to assign it bound to lay it off where she requested it, whether it included the dwelling or not, before the adoption of the constitution, and the framers of that instrument did not intend to diminish her dower right as then existing by law, but intended the homestead thereby given to the widow and minor children to be a right in addition to the dower, unless it be in cases where the real estate does not exceed the homestead. Dower and homestead rights are different in character ; dower is a life estate that, after assignment, may be sold and conveyed as other estates. The homestead is not such a right as can be used in any manner other than as provided by the constitution. If there are no minor children, and the widow attempts to convey the homestead, she forfeits the right. The rents and profits are to be divided, so long as there are children under 21 years of age. If, then, dower should cover the same lands occupied as a homestead, the value of the dower would be diminished by the rents and profits to be divided with the minor children ; nor could the widow sell such dower so laid off, and deliver possession and enjoyment of the estate to the purchaser, while the homestead existed.

In Massachusetts the statute provided that the homestead exemption should continue after the death of the householder, for the benefit of the widow and children, some one of them continuing to occupy such homestead until the youngest child is 21 years of age, and until the death or marriage of the widow. In construing this statute in *Cowdrey* v. *Cowdrey*, 131 Mass. 186, the court said : '' The effect of the homestead statutes is to give the widow an estate in addition to her rights in the property of her deceased husband. They are not designed to curtail her right of dower, but to give her

the additional benefit of a homestead for herself and minor children.   Upon this ground, it was held in *Monk* v. *Capen*, 5 Allen, 146, that the fact that a widow had received an assignment of dower and an allowance out of the personal property of her husband did not preclude her from claiming the additional benefit of an estate of homestead.''

In *Chisolm* v. *Chisolm's Executors*, 41 Ala. 327, it was held that a widow having had dower allotted to her is no bar to her application for a homestead.   See also *Johnson* v. *Davenport*, 42 Ala. 317; *Mercier* v. *Chace*, 11 Allen, 194 ; Waples on Homestead and Exemption, 614 and 615.

In allotting dower it is not proper to deduct the homestead and assign the dower out of the remainder of the estate.   The widow is entitled to dower in the whole estate.

Reversed and remanded for further proceedings according to law.