# King *et al.* v. Brown.

*Final Settlement of Administration.*

1. *Final settlement; error; how shown on appeal.*—Rulings of the
Vol. 108.

[King *et al.* v. Brown.]

Probate Court on the final settlement of an estate as to the allowance or rejection of items of the account can only be reviewed on bill of exceptions.

2.  *Same; proper form of final decree.*—The proper form of a decree on final settlement is to have only one minute entry, which shall award sucessively to the parties entitled thereto, the amounts respectively adjudged to be due them.

3.  *Same; distributive share of married woman.*—On final settlement the distributive share of a married woman should be adjudged in favor of herself alone.

APPEAL from Probate Court of Franklin.

Heard before Hon. W. M. WALTERIP.

On final settlement by W. P. Brown, administrator *de bonis non* of the estate of Joseph Brown, deceased, in the probate court of Franklin county, Mrs. M. E. King, one of the distributees objected to the allowance by the court of certain items of credit claimed by the administrator in his statement of account, which objections were overruled. Under the opinion in this case the nature of the items and the objections thereto need not be stated, as no bill of exceptions was taken, and the rulings of the probate court were not reviewed.

The probate court made but a single minute entry, in which it ascertained the number of distributees, their names, and the respective amounts due each, and then separately and sucessively adjudged to each of said distributees the amount found due them respectively. The appellant, Mrs. King assigned as error the rulings of the court on the allowance to the administrator of certain items of credit set forth in his account; also that said decree was a joint decree, and that a separate decree in favor of each distributee should have been rendered; also that the decree as to her interest should have been in favor of appellant and her husband for use of appellant.

SEVIER & REDWINE, and JOHN F. JACK, for appellant.

BOLTON & EZZELL, *contra.*

HEAD, J.—Upon final settlement of an administration items of account allowed in a previous settlement are presumed to be correct.—Code § 2149. It necessarily follows, that the burden of overcoming this presump-

tion rests upon the distributees.—*Dickie v. Dickie*, 80 Ala. 57. The evidence upon which the probate judge acted, in rendering the decree appealed from, is not brought before us, and hence there is nothing to show that the burden was met by the appellants.—*Mims v. Mims*, 39 Ala. 716. Error is not presumed, and if necessary to support the decree, we would intend that the distributees agreed and consented to the allowance for extraordinary services, and also to the item of credit for taking care of their mother. For the like reason it does not appear that any error was committed in the allowance to the administrator of the sum twenty dollars on account of the fee charged by his attorney for representing him on the final settlement. In the absence of evidence we presume conclusively that every fact essential to justify that allowance was made satisfactorily to appear. We have considered the above questions, because they are raised and argued by counsel. Such questions can only be properly presented by bill of exceptions. It is not proper to set forth, in the decree, the rulings of the court and the allowance or charge of items of account. The decree of the probate court is in proper form. It was not joint as counsel for appellants suppose, but each distributee had a separate recovery of his share, although embraced in one entry in regular succession. This is the usual and orderly method of entering decrees in final settlement of estates, and was a full compliance with the statute.—Code § 2161.

It was not necessary that the husband of one of the female distributees be made a party to the settlement, nor that her share be adjudged against the administrator in favor of herself and husband, *for her use*. Former decisions of this court, holding such to be the proper practice, were based upon the married woman's acts of 1848 and 1850, allowing the husband the enjoyment of the income of her estate for his life, without liability to account therefor.—*Smith v. Hooper*, 20 Ala. 245; *Key, Admr. v. Vaughn*, 15 Ala. 497; *Green v. Fagan, Ib.* 336. Prior to those acts, decrees for the wife's distributive share were required to be rendered in favor of wife and husband jointly.—*Blackwell v. Vastbinder*, 6 Ala. 218 The reason of these rules no longer existing, the rules have likewise ceased. The wife must sue alone for the recovery of her separate property.—Code, § 2347. The

[Doe *ex dem.* Alabama State Land Co. v. Beck.]

husband is not her trustee, nor entitled to the income from her estate. It results that the assignments of error are without merit, and the decree of the probate court is affirmed.