## RUSSELL v. WOOTEN.

### Opinion delivered March 23, 1925.

JUDGMENT—ASSIGNMENT OF DOWER—RES JUDICATA.—Where the probate court, in assigning dower, determined the extent and value of the defendant's homestead set apart to the widow, such judgment was conclusive upon the heirs who were parties to the proceeding and made no objection to the judgment.

Appeal from Lee Chancery Court; *A. L. Hutchins*, Chancellor; reversed.

*H. F. Roleson* and *C. W. Norton*, for appellant.

*D. S. Plummer*, for appellee.

WOOD, J. The appellees instituted this action on the 7th day of January, 1920, in the Lee Chancery Court, against the appellants. They alleged in substance that they and the appellant, James Lee Grimes, were the only heirs at law of J. M. Grimes, who died intestate on the 8th of August, 1912; that the appellees and appellant, James Lee Grimes, as the heirs of J. M. Grimes, were the owners of the NW¼ of section 31, township 1 north, range 3 east, containing 160 acres, subject to the homestead in eighty acres of the same in the widow, Mrs. Mollie Grimes, now Mrs. Mollie Russell; that the homestead had never been set apart and had never been claimed by her as a homestead; that, since the death of their father, the appellants had collected all the rents of the 160 acres and had not accounted to the appellees for rents on the eighty acres belonging to the appellees and James Lee Grimes. They prayed that

Reporter's Note:

* The case of *Adams Express Company* v. *Van Pelt* was decided by the Supreme Court of the United States on April 13, 1925, subsequent to the rendition of the decision in the present case; and the question of validity of the stipulation in the bill of lading concerning claim for damages was not raised in the present case.

Mrs. Mollie Russell be required to select her homestead, and that she and appellant James Lee Grimes be required to account to the appellees for five-sixths of the rents collected on the land above described, amounting in the aggregate to the sum of $2,520, and that the lands be sold for partition.

The appellants answered and set up, in substance, that, at the May term, 1914, of the Lee probate court, Mrs. Russell, in her own behalf as widow of J. M. Grimes, and in behalf of the heirs of J. M. Grimes, deceased, applied to the probate court for an allotment of dower and homestead in the lands described; that all of the appellees were parties to that proceeding, in which it was finally adjudged that the lands above described were the homestead of the widow and minor heirs of J. M. Grimes, deceased; that no appeal was taken from the judgment of the probate court, and appellants pleaded the same as *res judicata* of the present action. Appellant also set up that the appellees had received their part of the rent and profits of the tract of land above described continuously since the judgment of the probate court, and were estopped thereby from asserting that the same was not the homestead of the appellants.

The records of the probate court were in evidence, which show that, at the May term of that court, 1914, Mrs. Mollie Russell, widow of James M. Grimes, deceased, petitioned the court for assignment of her dower in his lands, and the following are the excerpts from the record that are pertinent to this action:

"It appearing to the court that J. M. Grimes, at the time of his death, lived upon and occupied as his homestead the northwest quarter of section 31 township 1 N., R. 3 east, which remains the homestead of the widow and minor children, * * * the court grants the petition, and directs that all of the heirs of J. M. Grimes be summoned to show cause, if any they have, against such assignment." Again:

"On this day comes on for hearing the petition of Mrs. Mollie E. Grimes (now Mollie E. Russell), widow

of J. M. Grimes, deceased, for dower in the lands of said estate, which said petition was heretofore filed herein, and, it appearing to the court that due notice has been given to all of the heirs of J. M. Grimes, and no objection or other pleas being filed against the same, the court, being fully advised, doth grant said petition. It appears to the court that said J. M. Grimes at the time of his death was the owner of the NW¼ of section 31, township one north, range three east, which was his homestead, and which is now occupied by the widow and minor children.

"The court finds that she is entitled to dower to an undivided one-third in value of said lands, and, for the purpose of laying off and assigning such dower, N. M. Blair, Tom Wooten and Nat Ramey are appointed as commissioners to lay off the same, and they will report their proceedings herein to the next term of this court. In assigning said dower said commissioners will find the value of all the lands, including the homestead, and will then lay off to said widow an amount of lands outside of the homestead equal in value to one-third of the whole." And again:

"On this day come the commissioners heretofore appointed for the assignment of dower in the lands of this estate to the widow, Mrs. Mollie E. Grimes (now Mrs. Mollie E. Russell), and file their report herein, which is as follows, to-wit: Come the undersigned, heretofore appointed for the assignment of dower of Mrs. Mollie E. Grimes (now Mrs. Mollie E. Russell) widow of the deceased, do respectfully report that, in compliance with the order of this court, we have viewed and appraised the homestead, the same being the NW¼ of section 31, township one north, range three east, and find the value thereof to be $40 per acre, being a total of $6,400.

"We have also viewed and appraised the W½ SE¼ and the SE¼ SE¼ of section thirty-four, township one north, range two east, the other lands belonging to said estate, and have assessed the same in the sum of $25 per

acre, being the sum of $2,800, making the entire valuation of the lands of the said estate the sum of $9,200. We have assigned to the widow as dower the said W½ of SE¼ and the SE¼ SE¼ of section thirty-one, township one north, range two east, the same being less than one-third value of the entire lands of said estate.

"And it appearing to the court that the assignment of dower so made by the commissioners was in all things legal and equitable, it is ordered by the court that the said assignment of dower so made be and the same is hereby approved and confirmed."

The commissioners appointed by the probate court to assign dower made their report at the February term of that court, 1915, and at that term the court rendered its final judgment approving and confirming the report of the commissioners, as above set forth.

In this action the trial court found that the appellants were not entitled to homestead in the south 74.75 acres of the NW¼ of section 31, T. 1 N., R. 3 E.; that they were only entitled to homestead in the north eighty acres of that quarter section; that the appellees were entitled to five-sixths of the net rent of the 74.75 acres for the years 1920, 1921, 1922, and 1923, with adjustment of taxes, upkeep, etc.; that the 74.75 acres not awarded to appellants as a homestead were subject to partition between the appellees and the appellant James Lee Grimes. The court entered a decree in accordance with its findings, from which both parties have prosecuted an appeal.

In *Horton v. Hilliard*, 58 Ark. 298, there was an application by the widow for an assignment of dower. The commissioners appointed to assign the dower laid off the dower without taking into consideration the existence of the right of homestead. The widow objected to the report of the commissioners, and moved to amend the petition for dower so as to set up her homestead rights. The trial court refused to allow the amendment, and confirmed the report of the commissioners. On appeal by the widow to this court, among other things, we said: "Every person dealing with the estate was bound to take

notice of the homestead. * * * The fact that the petition for dower did not mention the homestead did not affect that right. The commissioners could not lay off the homestead, but were bound to take notice of it, whether mentioned in the petition or not. Their duty was to assign dower. The dower could not be legally assigned without recognizing the existence and location of the homestead. The existence of the homestead, then, was properly before the probate court on approval of the report of the commissioners, and was before the circuit court on trial of the appeal.''

In the petition for the allotment of dower by the appellant, Mrs. Mollie Russell, the widow of J. M. Grimes, the existence of her homestead rights as to the extent of its boundaries, as well as the value thereof, was necessarily involved. Under the doctrine of the above case, this was necessarily an issue between the widow and heirs of J. M. Grimes in the proceeding in the probate court for the allotment of her dower. The report of the commissioners shows that they took both into considera-tion in allotting the dower, for they viewed and appraised the homestead and designated it as the NW¼ of section 31, T. 1 N., R. 3 E., and fixed its value at $40 per acre, being a total value of $6,400. It was the duty of the appellees, if they desired to call in question the right of the appellants to the homestead as therein designated, to have done so in that proceeding. If they conceived that they were aggrieved by the judgment of the probate court designating the homestead right of the appellant in the entire quarter section, instead of the north eighty acres thereof, their remedy was to object to the report of the commissioners thus designating the homestead, upon confirmation of that report by a judgment of the probate court, and to appeal to the circuit court. Not having done so, they are concluded by the judgment of the probate court in that proceeding. The appellants, under the facts of this record, are entitled to invoke the familiar doctrine of *res judicata* in defense of the appel-lee's action against them.

As quoted by us in *Ederheimer* v. *Carson Dry Goods Company,* 105 Ark. 485, 493, from 23 Cyc. 1295, 1296: "The rule is often stated in general terms that a judgment is conclusive, not only upon the question actually determined, but upon all matters which might have been litigated and decided in that suit; and this is undoubtedly true as to all matters properly belonging to the controversy, and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit." See also *Morgan* v. *Kendrick,* 91 Ark. 394; *Fourche River Lbr. Co.* v. *Walker,* 96 Ark. 545; *Pulaski County* v. *Hill,* 97 Ark. 456; *McDaniel* v. *Richardson,* 141 Ark. 453; *Gordon* v. *Clark,* 149 Ark. 173; *Shaw* v. *Polk,* 152 Ark. 18.

The trial court therefore erred in its decree, and the same is reversed, and the cause is remanded with directions to enter a decree dismissing the appellees' complaint, and for such other and further proceedings as may be necessary according to law and not inconsistent with this opinion.