# *Ex parte* Reavis.

## *Application for Mandamus to Probate Court.*

1. *Allotment of exempt property for use of decedent's widow and family, under act of February 8, 1872.* — The widow of a decedent may elect, or the appraisers appointed by the court may allot to her, money instead of other personal property, as exempt from administration under the provisions of the act approved February 8, 1872 (Sess. Acts 1871–2, p. 91) ; and when such allotment is made, the probate court has no power, *ex mero motu*, to set it aside.

2. *Same, under Rev. Code, §* 2061. — The probate court has no power to set aside, *ex mero motu*, an allotment of personal property made by an administrator, as exempt from administration under section 2061 of the Revised Code.

APPLICATION by petition, by Mrs. Sallie M. Reavis, the widow of Turner Reavis, deceased, for a writ of *mandamus* to the probate judge of Sumter county, compelling him to vacate and set aside an order disallowing allotments of personal property as exempt from administration, under the facts stated in the opinion of the court.

R. H. SMITH and THOS. H. WATTS, for the petitioner.

BRICKELL, J. — Judge Turner Reavis, a citizen of the county of Sumter in this State, died intestate, in June, 1872, leaving a widow, the petitioner, and an infant child. After

[Ex parte Reavis.]

his death, one William O. Winston was, by the court of probate, appointed and qualified as his administrator. On the 18th November, 1872, the petitioner applied to the court of probate for the appointment of appraisers, to set off and allot to her the property exempt from administration, under the act of February 8, 1872. Pamph. Acts 1871–2, p. 91. The court of probate appointed appraisers, who allotted to petitioner one thousand dollars of moneys in the hands of the administrator ; and on the 15th December, 1872, made report thereof to the court of probate. The court, *mero motu,* disallowed this report, because there was personal property other than money, from which the exemption could be allowed, and ordered the appraisers to make a new allotment from such property. The petitioner excepted to this action of the court.

1. The action of the court of probate seems to us clearly erroneous. No party interested in the estate had made any exception or objection to the allotment of the appraisers. Such parties, if they could have made the report the subject of exception or objection, acquiesced in it. In the face of such acquiescence, it was not the province of the court, of its own motion, to disallow the report. However erroneous such disallowance, there was not an adversary suit pending, which could be thereby determined. If the petitioner, feeling aggrieved by such disallowance, sought its revision and correction by a superior tribunal, there would be no adversary against whom she could proceed, or who could be charged with costs wrongfully incurred. The statute does not contemplate any confirmation by the court of probate of the report of the appraisers. The only duty, and this is implied, not expressed, required of the court, is the record of the report, that there may be record evidence of the property so exempted from administration.

Besides, we do not doubt, that when there are moneys in the hands of the administrator, sufficient to cover the exemption of personal property, the widow may elect to take, or the appraisers may allot to her, a sufficiency of such moneys, in lieu of other personal property. It is not personal property of any particular species which the statute exempts from administration, but personal property in the broadest, largest sense of the term, to the amount of one thousand dollars. Whatever personal property the administrator may reduce to possession as assets, or is subject to the payment of debts, or is capable of transmission to next of kin, may be exempt. There may be many cases, in which an exemption of money would be more beneficial to the widow, and less injurious to creditors and next of kin, than the allotment of other personal property. No injustice can result from the exemption of money, because the amount exempt is then capable of precise ascertainment, —

cannot be exceeded, or decreased. If the allotment is made of other property, the value of which is fluctuating, and dependent on the opinion of the appraisers, precise ascertainment is impossible. In disallowing the report of the appraisers, the court of probate erred. The petitioner is entitled, under the facts stated, to the allowance made by the appraisers. We think, also, she is entitled to interest thereon, from the day the appraisers made their report. With us, interest is an incident to the principal, and a compensation for the loss of its use from the day the party became entitled to it. *Whitworth* v. *Hart*, 22 Ala. 343.

2. On the 13th January, 1873, Winston, the administrator, reported to the court of probate, that he had, under section 2061 of the Code, set apart certain personal property for the use of the widow and minor child of the decedent, as exempt from administration. This report the court rejected and disallowed, on the ground, as stated in the record, that the section of the Code was repugnant to the later statute of February, 1872, and was thereby repealed. Whether section 2061 of the Code is repealed by the act of February 8, 1872, is a question on which we do not think this case requires us to express an opinion. The probate court, for the reasons already stated, had not power, of its own motion, in the absence of objection or exception by any party in interest, to interfere with the allotment made by the administrator. The statute does not confer any such power. The allotment is not made the subject of confirmation by the court. It is not necessary that it should be returned into, or filed in the court. The duty of making the allotment is not thrown on the administrator. Specific personal property is declared as exempt from administration. The court of probate can confer on the administrator no authority over such property. If it should assume to do so, and the administrator should, in pursuance of such authority, take possession of and sell such property, he would be a trespasser, and the widow could maintain trover against him for its conversion. *Carter* v. *Hinkle*, 13 Ala. 529. If the widow does not claim such property, and take possession of it, the administrator should separate it from the personal property, of which he is entitled to possession and control ; and it is then very prudent and proper for him to return into the court of probate a report of the property so separated, that evidence of it may be preserved, and subject to examination by all parties in interest. The order of the court of probate, in reference to this allotment by the administrator, is *coram non judice* and void.

A rule *nisi* is awarded to the probate judge of Sumter county, requiring him to appear on Thursday of the third week of the present term, and show cause, if any he can, why a peremptory *mandamus* should not issue as prayed for by petitioner.