# Williamson *v.* Harris.

### *Exemption—Garnishment.*

1. *Constitution of* 1868; *section* 1, *Article XIV of, construed.*—Section one of Article XIV of the Constitution of 1868, gives the debtor the right to select from all his personal property that which he will retain, so long as it does not exceed one thousand dollars in value; and this right can not be defeated because the debtor has other property.

2. *Same.*—The term "personal property" as there used, was employed in its broadest sense, and includes money in the custody of law, as well as other property; and of such property the debtor can not be deprived by any process, at law or in equity, which has for its purpose the condemnation of the property for payment of debts.

3. *Exemption; jurisdiction of court to determine, on motion.*—Where a creditor seeks by process of garnishment to condemn money of his debtor in the official custody of the sheriff, the court, whose officer he is, and in which the proceedings are pending, has jurisdiction, on motion, after proper notice to interested parties, to order the sheriff to pay the money over to the debtor, on the ground that it is exempt, and to discharge the garnishee.

APPEAL from Circuit Court of Hale.

The record does not give the name of the presiding judge.

The appellant, Williamson, having obtained judgment against the appellee, Harris, on a debt contracted in 1872, garnisheed Tucker, the sheriff. Tucker succeeded Harris in that office, and, at the time of service of the summons, had one hundred and twenty dollars belonging to the latter, which Tucker had collected on executions placed in his hands. Harris entered a motion on the docket, for an order to compel the garnishee to pay over the money to him (Harris), "on the ground that the same is exempt to him under the laws of the State of Alabama, and that defendant is now, and was at the time of the service of said garnishment, a resident of the State of Alabama, and the head of a family in said State," and made affidavit of the truth of the facts stated in the motion.

Tucker having answered indebtedness to the amount above stated, the defendant called the attention of the court to the

[Williamson v. Harris.]

motion, and thereupon it ordered that further proceedings be suspended until the motion could be disposed of. Afterwards, Williamson appeared and demurred to the motion, on the ground that it appeared on the face of the motion that "the court had no jurisdiction to hear the same;" and, also, that "the motion does not aver that defendant has no other personal property subject to execution." The demurrer having been overruled, Williamson pleaded, by way of answer to the motion, that "defendant has other personal property subject to levy and sale." A demurrer was sustained to this plea, and Williamson declining to answer further, the court made an order directing the sheriff to pay over the money in his hands to the defendant, and thereon discharging him, and taxing the costs against appellant.

These rulings are now assigned as error.

THOMAS SEAY, for appellant.

GARRETT & WALKER, contra.

BRICKELL, C. J.—The money in the hands of the garnishee was taxable costs due to the debtor Harris, as former sheriff, collected by the garnishee under executions. From the time of its collection, the money was in the custody of the law. The garnishee could have protected himself from liability by a payment of the money into court, and obtaining its direction and order as to its application. If there were several claimants to the money, the claims not originating in contract, but created by law or derived from the process of the court, the parties could have appeared and submitted their rights to the judgment of the court. All courts exercise the power necessary for the protection of their officers against conflicting claims to moneys collected under process. They also exercise, summarily, the power of ordering their officers to pay such moneys to the persons having the superior legal right, if it is created by law. In *Denham & Warford v. Harris*, 13 Ala. 465, a petition by a landlord to compel the sheriff to pay him from the proceeds of the sale of goods and chattels the amount of rent due him, for the payment of which he had a statutory lien, was entertained. The practice then pursued is approved in *Thompson v. Merriman*, 15 Ala. 166; *Langdon v. Raiford*, 20 Ala. 539. If the money in the hands of the garnishee was exempt from garnishment, if the debtor had the right under the Constitution to select and retain it, as against all legal process for the

payment of debts, we can perceive no reason for refusing him the summary relief which would be extended to a landlord asserting his statutory lien, or to a plaintiff in execution claiming a superior right. The money is in the hands of the officer of the court, is subject to its orders, and the protection of the officer may require the summary interference of the court to save him from the vexation of conflicting suits. The court did not and would not exercise the power of determining to whom the money should be paid, without having all parties in interest before it, or notified to appear and assert their rights. Notice having been given, the judgment the court may render becomes conclusive on all parties, and finally settles the controversy.—*Langdon v. Raiford, supra.* We think the appellee could properly move the court for an order on the sheriff to pay him the money, if his claim of exemption can be sustained.

The exemption was claimed under the first section of the fourteenth article of the Constitution of 1868, which reads: "The personal property of any resident of this State to the value of one thousand dollars, to be selected by such resident, shall be exempted from sale on execution, or other final process of any court, issued for the collection of any debt contracted after the adoption of this Constitution." It is insisted the exemption is of personal property from sale on execution or other final process, and cannot embrace a *chose in action*, or other personal property, not subject to be levied on and sold by execution. If the argument could be admitted, it would be without force, in this case. The money in the hands of the garnishee, unlike a mere chose in action, was subject to levy. In *Burnett v. Bass*, 10 Ala. 951, it is held that a *fi. fa.* may be levied on money, if the levy can be made without committing a trespass. It is further insisted the Constitution relieves the property only from sale under execution, or other final process, not from garnishment, which merely creates a lien, and does not authorize a sale. This is too narrow an interpretation of a constitutional provision, founded in humanity and benevolence, and intended to secure an unfortunate debtor the means of livelihood, free from the claims of creditors. The manifest purpose of the Constitution is to confer on the debtor the unqualified right of selecting from all the personal property he may own, which is subject to the payment of debts, without regard to the mode or process by which it may be subjected, such property as he will retain, and the only limitation is, that the property selected must not exceed in value one

[Ware, Murphy & Co. v. Russell.]

thousand dollars. Of such property he cannot be deprived by any process at law, or in equity, the purpose of which is its appropriation, or condemnation to pay debts. It is no answer to his claim of exemption, that he has other property. It is his right to select that which he will retain, and the selection operates in relief of other property from like claim, when the value of all that he claims and retains shall have reached one thousand dollars. It is personal property, in its broadest and largest sense, the Constitution exempts, and its exemption is from liability for the payment of debts—not from liability when particular process is sued out to subject it. Under the facts found in the record, the Circuit Court properly ordered the sheriff to pay the money sought to be reached by the garnishment to the appellee, and its judgment is affirmed.