[Sternau et al. v. Marx.]

# Sternau *et al. v.* Marx.

## *Action for Slander.*

1. *Judgment on demurrer; when not revisable on appeal.*—A judgment on demurrer can not be revised on appeal if it is shown only by the bill of exceptions.

2. *Action for slander; what may be shown in defense.*—In an action for slander, in falsely and maliciously charging one with having committed a crime, the defendant may show the circumstances, in reference to which the words were spoken, to negative the intention to impute crime, which the words themselves may import.

3. *Same; what material; words construed by court and jury.*—It is not the meaning of the person using the words, but the sense in which the words are understood by the parties to whom spoken—taking them in their ordinary signification—that is material; and it is for the court and jury to construe the words; and—the words being unambiguous—a witness can not be allowed to state what meaning the defendant intended to convey by them.

4. *Intention of party; how arrived at, if material.*—When the intention of a party is material, it must be collected from the act done, in connection with the surrounding circumstances, and accompanying declarations. It is an inference drawn by the jury and not a fact to which a witness may testify.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAS. E. COBB.

Action was brought by Simon Marx, appellee, against Henry Sternau and his wife, Sarah Sternau, for $10,000, for—as alleged—"falsely and maliciously charging the plaintiff with the crime of embezzlement, by speaking of and concerning him in the presence of divers persons, under the following circumstances: The plaintiff, who was a clerk in the store of the defendant, Henry Sternau, had sold a pair of shoes from said store to one Simon Oppenheimer; the defendant, Sarah Sternau, afterwards saw the said shoes on the feet of the wife of the said Simon Oppenheimer, and said to her that if she (the said defendant) had not seen them, the said defendant would never have received a cent for them, meaning that the plaintiff had embezzled the said shoes from the said store of Henry Sternau, and that the latter would never have known of it, but for the accident which enabled the said Sarah Sternau to discover them on the feet of the said wife of Simon Oppenheimer."

The bill of exceptions recites that the defendant demurred to the complaint—stating the grounds—and the demurrer was overruled. The demurrer and ruling thereon does not elsewhere appear in the record.

The defendants offered and read in evidence the deposi-

VOL. LVIII.

[Sternau et al. v. Marx.]

tions. of Mrs. Sternau ; after which the court, upon motion of the plaintiff—the defendant excepting—ordered to be stricken out, and excluded from the jury, the portion of said deposition, which contains her answer, as follows: [After referring to the fact of having told Mrs. Oppenheimer that if she (defendant) had not seen the shoes on her (Mrs. O's) feet, she swore "we (she and her husband) would not have been paid for them,] meaning, thereby, that as they had not been charged, and she being under the impression that the shoes came from her husband's store, and as already some five days had elapsed since the purchase of the shoes, and neither Marx nor Mr. Oppenheimer had said a word about them, and as Marx was going to leave in a few days and had seemingly forgotten the sale of the shoes, or thought them paid for by Mr. Oppenheimer, and there was not much chance of his ever making a charge for them, as the matter might be entirely forgotten."

Appellants now assign as error: 1. Overruling the demurrer; 2. Striking out the testimony aforesaid of Mrs. Sternau.

S. B. PAINE, for appellants.—1. The court below erred in overruling the demurrer to the first count in the complaint. The words used are as follows: "The plaintiff, who was a clerk in the store of the defendant, Henry Sternau, had sold a pair of shoes from said store to one Simon Oppenheimer; the defendant, Sarah Sternau, afterwards saw the said shoes on the feet of the wife of the said Simon Oppenheimer, and said to her, that if she (the said defendant) had not have seen them, the said defendants would never have received a cent for them"—meaning, &c. The words charged to have been used by one of the defendants may have referred to the unwillingness or inability of Oppenheimer to pay for the shoes, or to the failure or neglect of Marx, the appellee, to charge them—they do not imply or convey the idea of an indictable offense—and are not in themselves slanderous. The office of an innuendo is to affirm the words spoken or published, and it can not enlarge their meaning.—*Henderson v. Hale*, 19 Ala. 154; *Robinson v. Drummond*, 24 Ala. 174; *Kirksey v. Fike*, 29 Ala. 206.

2. The court erred in excluding from the jury that portion of the evidence of one of the plaintiffs, as shown by the bill of exceptions. The evidence excluded went directly to show the facts and circumstances in reference to which the words were spoken, and that she did not thereby intend to impute the crime to plaintiff (in the court below), which, standing alone, they might naturally import.— *Williamson v.*

(39)

[Sternau et al. v. Marx.]

*Cawley*, 18 Ala. 206. If the testimony excluded from the jury showed, or had a tendency to show, that the words used were spoken in reference to a transaction which could not amount to the imputation of a crime, defendants had a right to such proof, and it would have protected them from all legal consequences, except those resulting from special damage.— *Wright v. Lindsay*, 20 Ala. 428.

ABERCROMBIE & GRAHAM, *contra.*—1. Judgments upon demurrers, not shown otherwise than by recitals in the bill of exceptions, can not be revised on appeal.—*Pound et al. v. Hamner*, Head Notes Supreme Court, December term, 1876. See, also, *Covington County v. Kenney*, 45 Ala. 176; *Ware, Adm'r, v. St. Louis Bagging & Rope Co.* 47 Ala. 667.

2. There was no error in suppressing that portion of the deposition of Mrs. Sternau which stated what she meant in uttering the words charged to be slanderous. The meaning of the witness, in such utterance, was the very issue for the jury to try.—2 Greenleaf Ev. § 417.

BRICKELL, C. J.—1. Repeated decisions have settled that a judgment on demurrer is not open to revision if it is shown only by the bill of exceptions.

2. It was competent for the defendants to have shown the facts and circumstances, in reference to which the words were spoken, for these often negative the intention to impute crime, which the words themselves may import.— *Williams v. Cawley*, 18 Ala. 206.

3. The evidence offered extended beyond this—to proof by the wife of what she meant by the words. It was not her meaning, but the sense in which the words were understood by the persons to whom they were spoken, taking them in their ordinary signification, that is material. If to them, the words so taken and construed, in reference to the facts and circumstances under which they were spoken, import an accusation of crime, their injurious and actionable quality is not lessened because she did not intend they should be so taken and accepted. It was for the court and jury to construe the words, and no witness could be allowed, the words being unambiguous, to state what meaning the defendant intended to convey by them.—Townsend on Libel & Slander, § 384.

4. When the intention of a party is material, it must be collected from the act done, in connection with the surrounding circumstances, and accompanying declarations. It is an inference drawn by the jury, and not a fact to which a witness may testify.— *Whetstone v. Br. Bank of Montgomery*,

[Berdeaux v. Davis.]

9 Ala. 875. There was no error in the exclusion of the evidence, and the judgment must be affirmed.