# Darden, Adm'r, *v.* Reese.

*Exemption to Widow from Estate of Deceased Husband.*

1. *Exemption to widow; what she may claim as.*—Under the act of April 23, 1873, regarding exemptions, the widow, upon the death of the husband, has the same unqualified right which he had, to select in addition to the property specifically exempt, any other property, so long as it does not exceed one thousand dollars in value; and she may select money on hand at the husband's death, or *choses in action* due him, and when thus selected, the personal representative must turn such property over to her.

2. *Same; what does not diminish.*—It is now settled that the exemptions which this statute allows the widow from her husband's estate, are not to be diminished, because she owns a statutory separate estate.

APPEAL from Chambers Probate Court.
Tried before Hon. PETER M. ROWLAND.

James E. Reese, the husband of the appellee, Lucy A. Reese, died on the 2d day of July, 1876, and at the time of his death, was a resident of Chambers county, in this State. He was childless, and he left personal property valued at four thousand dollars, consisting mainly of notes and accounts. The appellant, W. C. Darden, was the administrator *de bonis non* of his estate, which was then being administered in the Probate Court. It was shown that no exemption of personal property had ever been set apart to the appellee, who was shown to have a statutory separate estate, of the value of ten or fifteen thousand dollars. On the 28th

[Darden, Adm'r, v. Reese.]

day of April, 1877, the appellee selected certain notes which had belonged to James E. Reese, as exempt to her, and reported her selection to the Probate Court, which, without opposition, was confirmed on the 11th of June, 1877. On the 13th of September, she filed a petition for the appointment of commissioners to set apart her exemption, which recites the above facts, and asks that the property selected by her be set apart to her as her exemption. Notice of this petition being served on the appellant, he appeared and demurred to the petition, on the ground—1. That it failed to show that petitioner was a distributee of the estate of his intestate, or in any way entitled to any distributive part of said estate. 2. That the petition failed to show that the property claimed is so claimed as exempt from administration for the payment of debts. These demurrers were overruled. The appellant then filed a plea, setting up as a bar to the relief prayed, that the petitioner was the owner of a statutory separate estate of greater value than the estate of her deceased husband. On the hearing of the petition, the Probate Judge ruled that the petitioner was entitled to have one thousand dollars of personal property exempted from administration for her benefit, and appointed commissioners to set apart and appraise the same to her.

These commissioners having assessed and set apart to her the property previously selected by her, the Probate Court confirmed their report and ordered the administrator to turn over the selected property, and taxed him with the costs. From that order he appeals to this court.

BARNES & HOLMES, for appellant.

ROBINSON & DENSON, contra.

BRICKELL, C. J.—The act of April 23, 1873, (Pamph. Acts 1872–3, p. 66,) of force at the death of the husband, and under which the exemption of personal property was claimed by the appellee, had for one of its most material purposes, the execution, or providing a well-defined mode of executing the constitutional provisions declaring exemptions of property from liability to pay debts. Specific personal property was exempt, and in addition, following the language of the constitution, "such other personal property to be selected by the owner, as does not exceed in value one thousand dollars." The 12th section extends the exemptions of personal property to the widow, or child or children, under twenty-one, on the death of the owner, and allows them additional exemptions of enumerated property. The property so ex-

empt, not only that specially enumerated, but that which may be selected or set apart to the widow or children, if the selection is not made by or for them, it is expressly declared, " shall be turned over to the family, forever free from administration on the death of the deceased."

A right of selection, as unqualified and absolute as that of the husband while living, is conferred on the widow by the 13th section of the act. From all the personal property of the husband, she may select that which she will take, in addition to the property specially enumerated, if in value it does not exceed one thousand dollars. There is no indication of a purpose to confine her to any kind or species of personal property. Money, if on hand at the death of the husband, or choses in action due to the husband, she may select, and on selection, the personal representative must *turn them over to her.—Ex parte Reavis*, 50 Ala. 210.

We regard it as settled by our former decisions, that the exemptions the statute allows a widow from the estate of her husband, are not to be diminished because she owns a statutory separate estate.—*Chisholm v. Chisholm*, 41 Ala. 327; *Johnson v. Davenport*, 42 Ala. 317; *Jordan v. Strickland, ib.* 315; *Thompson v. Thompson*, 51 Ala. 493.

Affirmed.