# Borden *v*, Bradshaw.

*Action on Bond executed by Keeper of a Ferry, under the Statute.*

1. *Claim for damages against keeper of a ferry and sureties on his bond; passes to an assignee in bankruptcy.*—A claim for damages resulting from negligence in the conduct of a ferry, against the keeper of the ferry and sureties on a bond executed by him under the statute (Code of 1876, § 1680), is a provable debt against the estate of a bankrupt, and constitutes a part of the assets of the bankrupt's estate, which vest in the assignee.

2. *Same; may be claimed and allowed to the bankrupt as exempt.*—Such a claim may be claimed and allowed as an exemption to the bankrupt, under the statute of this State, exempting a thousand dollars worth of personal property.

[Borden v. Bradshaw.]

3. *Exemption in favor of bankrupt; claim of, must be allowed by assignee to revest property in bankrupt.*—Merely claiming an exemption in personal property, with a selection of the articles claimed, by the bankrupt, is not sufficient to revest property in the bankrupt, or to fix its *status* as never having passed out of him. To accomplish this, the claim must be allowed, or *acquiesced* in by the assignee.

APPEAL from Greene Circuit Court.

Tried before Hon. LUTHER R. SMITH.

This was a suit by John W. Bradshaw against William A. Borden and Thomas C. Clark ; was commenced on 21st August, 1877, and was founded on a bond executed by Borden, a licensee of a ferry, as principal, and by Clark, as surety, under the provisions of section 1680 of the Code of 1876. The complaint contains two counts, one assigning as a breach of the condition of the bond, that Borden, while the keeper of the ferry, under his license, and while the bond was of force, did not keep the banks on either side of the river (the Warrier) in good repair ; and the other, that while he was such keeper etc. he did not keep safe and convenient boats, with a sufficient number of ferrymen at the ferry. In each count it is averred, that in consequence of Borden's neglect, as stated in the count, "two horses of the plaintiff of great value, in crossing or attempting to cross said ferry, were wholly lost ; and two vehicles, to-wit : the hack and wagon of the plaintiff of great value, in crossing or attempting to cross said ferry, were greatly damaged."

The defendants pleaded, among other things, that the plaintiff had been adjudged a bankrupt, and that an assignee of his estate had been appointed. To this plea the plaintiff replied, that "the chose in action sued on in this case was, at the time of the filing of plaintiff's petition in bankruptcy, has since been, and is now exempt to plaintiff from the payment of his debts under the constitution and laws of the State of Alabama ; and that said chose in action was, at the time of filing his petition in bankruptcy, duly selected and claimed by plaintiff as a part of his exemption under the constitution and laws of the State of Alabama." To this replication the defendants demurred on the grounds : 1. That it did not show that the claim for damages declared on was such property as could be claimed or allowed to plaintiff as exempted property. 2. That it did not show that said claim had ever been set off to the plaintiff by the assignee in bankruptcy of the plaintiff, or by any order or proceeding of the court having jurisdiction of said bankrupt, and of his estate, so as to vest the right of action in him. The demurrer having been overruled, issue was joined upon the replication, which was submitted to the court for decision, and decided by the court

[Borden v. Bradshaw.]

in favor of the plaintiff. The cause was then tried upon issue taken by the plaintiff to pleas in bar of the action, and resulted in a verdict and judgment for the plaintiff. Other questions were reserved by bill of exceptions, which it is not necessary to set out, as they are not passed on by the court.

The overruling of defendants' demurrer to plaintiff's replication to the plea of bankruptcy is assigned, among other rulings of the Circuit Court, as error.

W. COLEMAN and E. MORGAN, for appellants.

JAMES B. HEAD, contra.

(No briefs came to the hands of the reporter.)

STONE, J.— We do not doubt, that the claim of plaintiff for injury to his horses and vehicles, asserted in this action, is of a class of property-rights, which passes to the assignee on an adjudication in bankruptcy. It is a suit for damages to property, the alleged result of negligence in the conduct of a ferry, in which the measure of recovery is the amount of the injury sustained, to which interest may be added. A claim of this kind is a provable debt against the estate of a bankrupt, and is alike assets of the bankrupt's estate, which vests in the assignee.—*Cole v. Roach*, 10 B. R. 288; S. C. 37 Tex. 413; *Sullivan v. Frost*, 1 Mass. 511; *Comegys v. Vasse*, 1 Pet. 193; Rev. Stat. U. S. Sec. 5067.

We think it equally clear, that the present demand may be claimed and allowed as an exemption to the bankrupt, under the statute of Alabama, exempting a thousand dollars worth of personal property.—Rev. Stat. U. S., Section 5045; Act of Ala. approved, April 23, 1873, Sec. 1.—Pamph. Acts, 1872-3, 64.

Merely claiming exemption under this clause of the act, is, however, not enough. The claim, to revest property in the bankrupt, or to fix its *status* as never having passed out of him, must be allowed, or. *acquiesced* in by the assignee.— *Tucker v. Henderson*, 63 Ala. 280; *Walker v. Carroll*, 65 Ala. 61. The demurrer to plaintiff's replication to the plea of bankruptcy should have been sustained. We may add, we find in the complaint no claim for damage done the harness.

Reversed and remanded.