# Little *v.* McPherson.

*Contest of Widow's Claim to Personal Property as Exempt.*

1. *Exemption of personal property to decedent's widow.*—When a decedent leaves no minor child, the statute exempts to his surviving widow, free from administration and the payment of debts, personal property to the value of one thousand dollars, to be selected by her, or by three disinterested persons selected by the probate judge (Code, § 2825); but, while her right of selection is unconditional and unrestricted, except as to value, no title to any particular property vests in her until a selection is made.

2. *Same; waiver of.*—The right of exemption to any particular property is waived, unless asserted before the property is sold under an order of court, or subjected to administration; yet it may be asserted against any other personal property remaining unadministered, and it can not be defeated by the act of the administrator in converting *choses in action* into money, or using the assets in payment of debts before the expiration of eighteen months.

3. *Same; claim of partnership assets or interest.*—When a partnership is dissolved by the death of one of the partners, the legal title to the personal assets is cast on the survivor, and the estate of the deceased has no ascertained interest in any part thereof, until the partnership debts and liabilities have been discharged, leaving a *residuum;* and until this has been done, the widow's right to claim an exemption therein is not waived or lost, although the surviving partner, as administrator of the deceased, has made premature payment of the debts with his own funds.

4. *Same; accounting for exempt property on final settlement.*—When the decedent's estate is solvent, the widow is required to account for the personal property set apart to her as exempt (Code, § 2825), not on the settlement of the accounts of the administrator in chief, but on the final settlement and distribution of the estate; though she is not required to refund any excess over and above her distributive share.


APPEAL from the Probate Court of Lowndes.
Heard before the Hon. H. W. CAFFEY.

[Little v. McPherson.]

In the matter of the petition of Mrs. Sarah S. Little, surviving widow of Patrick Little, deceased, for the appointment of appraisers, or commissioners, to set apart to her, as exempt from administration and the payment of debts, personal property of the value of $1,000; which claim was contested by Mrs. Mary McPherson and her husband, with several minors, grandchildren of said Patrick Little. Said Patrick Little died intestate, in August, 1881; and in April, 1882, letters of administration on his estate were granted to D. J. Little, his only surviving son. The administrator never returned any inventory or appraisement, but filed his accounts and vouchers, on the 8th October, 1884, for a final settlement; therein charging himself with assets received amounting to $1,754.91, and asking credits for moneys paid out aggregating $1,258.69.

The widow's petition was filed on the 30th September, 1884, and the commissioners appointed by the court made a report on the 7th October following; but this report was set aside, on objections filed by the minor distributees, and new commissioners were then appointed. These commissioners reported their action to the court on the 15th November, 1884, allotting to the widow, as exempt, " the following sums and articles of personal property, to-wit: Moneys arising from settlement of the partnership of P. Little & Sons, in the hands of the administrator, who was surviving member of the firm, $544.40; proceeds of sale of one old grey horse, $15.00; one-third rent of partnership store-house, $45.50; one-third of accounts collected due P. Little & Sons, $150.00; proceeds of rent of lands leased by P. Little to Clements & Buchanan, $125.00; total, $744.90." To this report the minor distributees filed objections, as follows: 1. Because Mrs. Little is the owner of a separate estate, which, exclusive of the rents and profits, is greater in value than her distributive share of her husband's estate, and therefore is not entitled to any part of said estate. 2. Because the administrator has filed his accounts and vouchers for final settlement, setting forth all the assets of said estate in money, as produced by the sale of real and personal property, and the collection of claims, with a list of debts and expenses paid, by which it appears that there is now only a balance in funds in his hands for distribution. 3. Because no claim of exemption was made until after the lapse of more than two years and a half, and when the estate was ready for final distribution. 4. Because each item mentioned in said report " has no individual existence, or identity, by which it may be separated or distinguished." 5. Because said commissioners, in their report, " do not set apart, or undertake to set apart, any specific personal property or things subject to said claim of exemption." 6. Because said report shows that the commis-

[Little v. McPherson.]

sioners " have no knowledge of the personal property belonging to said estate which might be subject to said claim of exemption, and did not see, or actually set apart, the several items mentioned." 7. Because said several items "have no real and separate existence whatever, having been absorbed, as shown by the final accounts of said administrator, in the general funds of the estate, and completely administered in the regular course of administration."

On the hearing of the contest, as the bill of exceptions shows, the administrator was introduced as a witness for the petitioner, and testified as follows: " That said intestate was a member of a mercantile partnership in said county, doing business under the name of P. Little & Sons, and composed of said intestate, said administrator, and Rufus J. Little, who died in November, 1880; after which, said intestate and witness proceeded to wind up the business of the firm, but, owing to the ill health of the intestate, the assets were turned over to witness. Said intestate died before the affairs of said firm were finally settled, or its assets disposed of. That the sole property of said estate, other than lands, consisted of the items described and set forth in said commissioners' report, to-wit: a claim against said partnership; proceeds of sale of an 'old horse, sold by witness, at the request of the widow, because he was worthless; and the rent of the intestate's lands, which had been leased by him in 1880, for three years, to Clements & Buchanan, and notes taken for the rent, which came into the hands of witness as administrator. Witness never entirely disposed of the assets of the partnership, consisting partly of a stock of goods, until about the last of September, 1884; and never made any estimate of the interest or share of the estate in said partnership assets, until the first commissioners appointed to allot the exemptions to the widow called on him for an exhibit of what was due to the estate from said partnership; when he exhibited to them the partnership books, and gave them such information as he had, and they made a calculation (with him) showing that the amount due was $544.40, which he thought was too much, though he makes no objection to it. Witness never informed the widow of the probable amount due the estate from said partnership, or that any sum was due, until after she filed her petition for allowance of exemption. When the commissioners made their report, they did not have any property in view, but made their report, as it purports, on information derived principally from witness; and some of the first commissioners had knowledge of the stock of goods left by said partnership, and that he was liable for said funds. Said witness further testified, on cross-examination, that he had paid debts of the estate, of the character and

[Little v. McPherson.] ·

amount set forth in his accounts as filed, but, with the exception of about $50, paid them with his own funds; that the funds of the estate received by him, and the funds arising from said partnership business, and from the estate of said R. J. Little, of which he was the administrator, were not kept separate, but were commingled together with his own, and used by him indiscriminately in making payments and managing his business generally. The contestants then introduced in evidence the account for final settlement filed by said administrator; and the widow introduced in evidence all the orders and proceedings heretofore made or had in the matter of said application. It was shown, also, that the petitioner has and holds an estate in lands in this county, the value of which is $1,000."

"This was all the evidence in the case;" and the court "sustained the exceptions to the report, and further decreed, that there was no personal property belonging to said estate, which was liable to the widow's claim of exemption, and dismissed her petition." The petitioner duly excepted to this ruling and decree, and she now assigns it as error.

WM. R. HOUGHTON, for appellant.

GIRARD COOK, contra.

CLOPTON, J.—Section 2825 of Code exempts to the widow, there being no minor child, personal property of the decedent to the value of one thousand dollars. It is made the duty of the administrator to permit the widow to select the property exempt from administration for the payment of debts; and, if she makes no selection, the judge of probate must appoint three disinterested persons to make the selection, and set apart the property. The statute imposes no active duty on the administrator, in respect to making the selection, or having it made. The statute confers on the widow, as to the kind of personal property to be exempt, an unconditional and unrestricted right of selection. She may select money, if on hand at the death of her husband, notes, or other *choses in action*, or any other personal property which he owned at that time. The only statutory limitation is, that the property selected shall not exceed one thousand dollars in value.—*Darden v. Reese*, 62 Ala. 311. The statute does not vest any title in the widow, until specific property is selected in one of the statutory modes. *Tucker v. Henderson*, 63 Ala. 280.

Notwithstanding the right to the *exemption* vests immediately on the death of the husband, and is as absolute and unqualified as the right of selection, it has been uniformly held, that the exemption must be claimed, or it is waived.—*Henderson v.*

*Tucker*, 70 Ala. 381. The material question in the present case is, within what time must it be claimed, to avoid a waiver? In the case of the exemption from sale under legal process, the right is not considered as waived, if the claim is interposed before a *sale* of the property.—*Simpson v. Simpson*, 30 Ala. 225. After death, if no claim is asserted before the property is sold under an order of court, or before it is subjected to administration for the payment of debts, or for distribution, the exemption is held to have been waived.—*Mitchum & Smith v. Moore*, 73 Ala. 542. The waiver is founded on the ground, that in such case there is no subject-matter to which it can attach. The waiver, however, extends only to the property which has been sold, or subjected to administration in the payment of debts, or by distribution. The selection merely specifies and sets apart the property. So long as there remains any unadministered —a subject-matter to which the exemption can attach—the claim may be interposed, and the selection made. To constitute a waiver, there must concur the failure of the widow to select, and the failure of the judge of probate to appoint three disinterested persons to make the selection. This concurrent failure is not complete, so as to operate a waiver of the entire right to exemption, while there is property in the hands of the administrator, that may be selected. Neither can the personal representative defeat the right to exemption, by converting the *choses in action* into money, or by using the assets in paying debts, before the expiration of the time allowed creditors to present their claims, or before the period when judgments may be rendered against him in his representative capacity. The widow is not bound to presume that he will pay debts before the time allowed him to ascertain the condition of the estate expires.

The uncontradicted evidence of the administrator shows, that the funds of the estate and of the partnership were commingled with his own, and were used indiscriminately in the management of his business generally ; and that he paid the debts of the estate with his own funds, except about fifty dollars. The record further shows, that the surviving partner was appointed administrator in April, 1882 ; that there had been no previous administration ; and that the debts were paid before the expiration of eighteen months from the grant of letters.

During the continuance of the partnership, the legal title to the personal assets is in the firm ; and on its dissolution by the death of one partner, it is cast on the surviving partner. The decedent had no claim or right to any specific part of the partnership effects, until the debts and liabilities were discharged. His share or right was to the partnership assets which remained, after the liabilities were satisfied. The partnership business

was not settled, and the amount due by the surviving partner was not ascertained, until after persons were appointed by the judge of probate to make the selection. In *Loeb & Weil v. Richardson*, 74 Ala. 312, where the widow claimed the crops as exempt, on which Loeb & Weil had a lien for advances, and also for supplies furnished to complete and gather the crops, one of them being the administrator, it is said : "If, after satisfying these claims, these is any thing left, the widow's claim of exemption is next in order. At that stage, she has a clear right to make her selection of the undisposed of *residuum*." Until there was a settlement of the partnership, and the *residuum* ascertained, there was no part of the partnership property which the widow could claim and select as exempt. She was not informed how much the decedent's share would be, and she was not compelled to select it at a valuation dependent on the result of a settlement. The share of the decedent in the partnership could not have been used in the payment of debts of the estate, as the debts were paid long before the settlement was made. When a settlement was had, and the balance ascertained, she, at that time, had the right to claim and select her husband's share in the *residuum*.

When the estate is solvent, the exemption is in the nature of an advancement of so much of her distributive share of the personal property, for which she must account on final settlement. She has a right to the exemption, and if it exceeds her share of the personal assets, she is excluded from further participation in the distribution ; but is not required to refund any part of the exemption.—*Hunter v. Low*, 68 Ala. 365. The final settlement, on which she must account, is the final settlement of the estate, and not of a resigned or removed administrator, where the administration is continued by the appointment of a successor.

Reversed and remanded.