# Enzor & McNeill *v.* Hurt.

*Contested Claim of Wages as Exempt Personal Property.*

76　595
99　87
76　595
130　317
76　595
143　622

1. *Exemption of personal property.*—A resident debtor being entitled to claim, as exempt, personal property to the amount of one thousand dollars, to be selected by him (Code, § 2820), and the wages of laborers, to the amount of twenty-five dollars per month, being also exempted from garnishment for debt (§ 2823) ; the debtor may claim a balance due him as wages or salary, over and above the twenty-five dollars per month, as part of the one thousand dollars of personal property to which he is entitled.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The appellants in this case, having recovered a judgment against J. D. Hurt, sued out a garnishment on it, and summoned the Mobile and Girard Railroad Company as the debtor of said Hurt. The garnishee appeared, and answered, stating that said Hurt was in its employment as a night watchman, at a salary of $1.35 per day, payable on the 15th day of each month ; and that the company owed him about $125 as wages past due. The defendant thereupon filed his claim of exemption, verified by affidavit, and accompanied by a schedule of articles of personal property, the aggregate value of which was $400 ; and he selected and claimed the balance due him as wages, in excess of $25 per month, as a part of the $1,000 of personal property to which he was entitled. This claim was contested by the plaintiffs. On the trial of the contest, as the

bill of exceptions states, "it was admitted by the plaintiffs that said defendant did not own personal property to the amount of $1,000, including the wages now due from said garnishee;" and it is further stated, "that the only point in the case is, whether he is entitled to have all his wages exempted, or enough thereof to make all his personal property amount to $1,000." The court sustained the claim of exemption, and instructed the jury to find for the defendant. The plaintiffs excepted to this charge and ruling, and they here assign it as error.

N. W. GRIFFIN, for appellant.

P. O. HARPER, *contra.*

SOMERVILLE, J.—The statute provides, that "the wages, salaries or compensation, of laborers and employees for personal service, not exceeding twenty-five dollars per month, shall be free from garnishment for debt."—Code, 1876, § 2823. This is a special exemption of property from legal process, intended to be secured only to residents of this State, and is declared to be *in addition* to the exemption of the homestead, and the personal property to the amount of one thousand dollars, which is authorized by section 2820 of the Code to be selected by such resident owner.

The question presented for decision in the present case is, whether the debtor, after he has been allowed an exemption of his wages to the amount of twenty-five dollars due him by the garnishee, to which he is clearly entitled under the provisions of section 2823 of the Code, can lawfully claim any balance, over and above said sum of twenty-five dollars, due for wages from the same garnishee, provided he selects and claims the same as personal property, under section 2820, the whole amount selected by him not exceeding one thousand dollars. The amount of wages here claimed by the appellee is about one hundred and twenty-five dollars, which the answer of the garnishee shows to be due, as a balance over and above the monthly exemption of twenty-five dollars; and this is claimed under section 2820, which declares, that "the personal property of any resident of the State, to the amount of one thousand dollars, to be selected by such resident, . . . shall be exempted from levy and sale under execution, or other process for the collection of debts," contracted after the time the statute was enacted.—Code, 1876, § 2820; Const. 1875, Art. x, § 1.

It is our opinion, that the appellee was entitled to the exemption claimed, and that it was, therefore, properly allowed by

the court. The statute manifestly allows the debtor an exemption of one thousand dollars worth of personal property, *in addition* to the special exemption of twenty-five dollars of wages each month.—Code, § 2823. He is invested with the largest latitude of discretion in making a selection of this property, his right to do so, in fact, being quite absolute and unqualified. The case, then, resolves itself into the simple inquiry, as to whether or not the phrase "personal property," as used in the constitution and in the statute, can be construed to embrace *choses in action*, and this has been many times decided in the affirmative by this court. In *Williamson v. Harris*, 57 Ala. 40, it was said, that the phrase was used "in its broadest and largest sense," and included money in the hands of a garnishee. In *Darden v. Reese*, 62 Ala. 311, it was construed to embrace promissory notes belonging to a decedent, which the widow was allowed to select under a statute exempting personal property not exceeding in value a thousand dollars; the court observing, that there was "no indication of a purpose to confine her to any kind or species of personal property." And in *Borden v. Bradshaw*, 68 Ala. 362, it was held to include a *chose in action* for damages resulting from negligence in the conduct of a ferry. We have often decided, that our exemption laws, being founded in a spirit of humanity and benevolence, were to be liberally construed; and such a rule of construction necessarily induces us to attach to the phrase "personal property," as used in those laws, a comprehensive signification. It was, in our judgment, intended to embrace everything which is the subject of ownership, not being realty, or an interest in realty. The words are declared by the Code to include "money, goods, chattels, things in action, and evidence of debt, deeds and conveyances."—Code, 1876, §§ 1–2. This seems conclusive of the whole case.

The rulings of the court are free from error, and the judgment is affirmed.