(Chandler v. Chandler.]

# Chandler *v.* Chandler.

### *Final Settlement of Executor's Accounts.*

1. *What is revisable; matters of record, shown only by bill of exceptions.*—On appeal from a probate decree rendered on final settlement of an executor's accounts, this court can not consider an assignment of error based on an order setting aside a prior decree allowing a claim of exemptions filed by the widow, when such order, and the decree setting it aside, are shown only by the bill of exceptions; though the court may consider the transcript as showing the fact that the claim was filed, its date, and the property embraced in it.

2. *Exemptions of personalty in favor of widow and children.*—A liberal construction has always been given to the statutory provisions allowing exemptions to the widow and minor children of deceased debtors; the right is not made to depend on a dissent from the will, making a testamentary provision for their support; the claim is allowed to attach to any kind of personal property, or to the proceeds of any personal property which has been sold or exchanged by the personal representative; and if the whole of the personal property does not exceed $1,000 in value, and is in the possession of the widow, her right of exemption does not require a selection, or formal claim, to perfect it. But, when no claim of exemptions has been interposed, a sale by the personal representative, if made by authority, cuts off the right of exemption; though, if made without authority, the property may be recovered by a succeeding administrator, and again become subject to a claim of exemption.

3. *Executor's power to sell property under will.*—A testamentrry provision directing that all of the testator's property, real, personal and mixed, shall be collected together by the executor, and used in the settlement of debts, and that any residue, after the settlement of debts, shall be equally distributed among his children, does not confer any other or greater power of sale than is given by statutory provisions.

[Chandler v. Chandler.]

4. *Executor's authority to sell personalty.*—Independent of testamentary provisions, an executor has the full legal title to all *choses* in action, and may dispose of them absolutely without an order of court; but he has not such power to dispose of the tangible personal property, and his sale without an order of court does not affect the right of exemption of the widow and children.

5. *Payment of taxes by executor.*—An executor is entitled, on final settlement of his accounts, to a credit for taxes paid by him which were assessed during the year of the testator's death.

6. *Allowance to executor, for costs paid.*—It being the duty of an executor to collect, by suit or otherwise, debts due the estate, he is entitled to a credit on final settlement, as against the widow and children, for costs paid in prosecuting a suit against a debtor.

APPEAL from the Probate Court of Marshall.

Heard before the Hon. THOS. A. STREET.

In the matter of the estate of Elisha R. Chandler, deceased, on final settlement of the accounts and vouchers of John D. Chandler as executor, which were contested by the widow and minor children of said decedent. The record proper shows that the executor filed his accounts and vouchers for a settlement in January, 1888, and the 12th March was then appointed as the day for a final settlement; that the settlement was continued from one day to another, until June 11th, when a final settlement was made, and a decree rendered, ascertaining a balance of $72.70 in favor of the executor. On the settlement, as the bill of exceptions states, the executor moved the court to set aside a decree which had been rendered on the 21st November, 1887, allowing a claim of exemptions filed by the widow, October 18th, 1887, in favor of herself and the minor children; and the court granted the motion, and set aside that decree, against the objection and exception of the widow, who here assigned that ruling as error. Entering on the settlement of the executor's accounts as stated, the widow objected to each item on each side of the account, and reserved exceptions to the allowance of each item; and these several rulings are also assigned as error. The appellee submitted a motion to strike out the first assignment of error, on the ground that the appeal was not sued out from the decree setting aside the allowance of exemptions, and that decree was shown only by the bill of exceptions; and to strike out the other assignments of error, because the record does not show that the appeal is taken from the decree rendered on final settlement of the executor's accounts.

LUSK & BELL, for appellant.

[Chandler v. Chandler.]

WATTS & SON, and JNO. G. WINSTON, *contra.*

McCLELLAN, J.—Considering the certificate of appeal in connection with the bond in this case, we think it is sufficiently shown that this appeal is taken from the decree of the court below on the final settlement of the appellee as executor of E. R. Chandler, deceased. That decree appears here as from the record of the primary court, and the motion to dismiss this appeal, on the ground that it is prosecuted from the action of the Probate Court in reference to the claim of exemption, and that the decree in that matter is shown here only by the bill of exceptions, must be overruled. There is, however, an assignment of error, directed against this latter decree, which is not appealed from; and for this reason that assignment will not be considered. The application of the widow to have the personal property set apart as exempt to her and the minor children, the decree of the court thereon, the petition of the executor asking that that decree be vacated, and the order granting that petition, are all matters of record in the Probate Court, and can not be considered by this court, for the purpose of reviewing the action of the court below in that behalf, when presented, as is the fact in this case, only by the bill of exceptions.—*Ex parte Knight,* 61 Ala. 482; *Sternan v. Marx,* 58 Ala. 608.

The transcript of these matters of record may, however, be looked to, on this appeal, as showing the *facts* that such claim was filed, its date, and the property embraced in it.

On the final settlement of the executor, the widow appeared for herself and the minor children, and objected to each item on both sides of the account, on the ground that the debits consisted of personal property exempted from administration, and the credits consisted of payments made out of the proceeds of such exempt property. It was admitted that the personalty of the estate did not exceed one thousand dollars in value; that that part of it charged in the account against the executor, had been disposed of by him, and the proceeds applied to the payment of the debts of the estate, before the widow's claim of exemption was filed; and that all of this had been done within eighteen months after grant of letters testamentary. The court overruled the widow's objection, and passed and allowed the account as stated, bringing down a small balance in favor of the executor. This action is here assigned as error.

This court has uniformily given a liberal construction to

the statutes allowing exemptions to the widow and minor children of decedents, in furtherance of the manifest legislative policy to secure, as far as possible, the comfort and well-being of those who, without the protection thus afforded, might be left in want. It is settled, that the exemption secured to them by statute is not defeated by testamentary provision being made for their support; and, therefore, that the widow is not required, as a condition to securing the statutory right, to dissent from the will in such cases. *Hubbard v. Russell*, 73 Ala. 578; *Bell v. Bell*, 84 Ala. 64. The claim may attach to any kind of personalty belonging to the estate—chattels, *choses* in action, or money—and to the proceeds of any personal property which has been sold or exchanged by the personal representative.—*Little v. McPherson*, 76 Ala. 556; *Darden v. Reese*, 62 Ala. 311.

But, while the beneficent purpose of the statute has been recognized, and the utmost liberality of construction has obtained in furtherance of its objects, it is well settled, that the right given by it, like all other statutory exemptions, must be claimed, and, if not claimed in some of the modes provided by or within the contemplation of the act, it will be held to have been waived.—*Henderson v. Tucker*, 70 Ala. 384; *Little v. McPherson*, 76 Ala. 555. The exemption will be held to have been abandoned, in all cases in which there has been a failure on the part of the widow, the guardian of the minors, and the probate judge, through commissioners, to make the selection, until, in consequence of such neglect, the personal representative subjects the property to administration for the payment of debts, or for distribution.—*Tucker v. Henderson*, 63 Ala. 280; *Henderson v. Tucker*, 70 Ala. 384; *Mitcham v. Moore*, 73 Ala. 546.

In the case last cited, there is an intimation, that the necessity for an assertion of the claim is not the same in those cases where the whole of the personal property of the estate does not exceed one thousand dollars in value. This suggestion proceeds more on the situation of the property, so to speak, than upon any consideration of its value. If the whole property is of less value than one thousand dollars, the widow would be entitled to all of it; and if she had it in possession, there could be no necessity for a selection by her, the guardian of the minors, or commissioners; but, whether the value be greater or less than the sum named, if the property be not in the possession of those to whom it is exempted, a claim would have to be interposed, to defeat the

[Chandler v. Chandler.]

executor's qualified right to sell or distribute it in the course
of administration.

In no case has the right to the exemptions been admitted,
after the property, to which it would otherwise have attached,
has been sold; and with respect to exemption in lieu of
homestead, the tendency is to hold the claim waived, unless
made before a decree of sale.—*Seals v. Pheiffer*, 84 Ala. 361;
*Toenes v. Moog*, 78 Ala. 558.   To have the effect of cutting
off the claim of exemption, however, the sale must be such
as the personal representative is authorized to make; other-
wise, the title to the property remains in the estate, and the
property itself may be recovered by a succeeding adminis-
trator, and when recovered, be delivered to the widow and
minor children under their claim of exemptions.—*Riddle v.
Hill*, 57 Ala. 324; 1 Brick. Dig. 935, § 303.

As to the tangible personal property, the executor in this
case had no power of sale.   It is admitted that no order of
the court to that end had been made, but, on the contrary,
he had disposed of the property at private sale, on the
assumption that the will gave him power so to do.   The
provision of the will, upon which reliance was had, is as
follows: "All the rest and residue of my estate, real and
personal and mixed, I desire to be collected together by my
executor, and be used in the settlement of my just debts,
and if there is any left, after the settlement of my debts, to
be equally divided among my eight children."   This is no
more than a dedication of the property to the uses to which
the law itself would have devoted it, and leaves the executor
with precisely the same rights in respect to it, which he
would have had in the absence of the provision quoted—the
right to take possession of the property and sell it for the
payment of debts, under and as directed by the orders of the
Probate Court.

A considerable part of the personalty consisted of *choses*
in action.   As to this class of property, an entirely different
rule prevails.   The personal representative takes the full
legal title to the *choses* in action of the estate, and may,
without an order of court, or testamentary authorization,
transfer, release, compound or discharge them, as fully as if
he were the absolute owner, subject only to a liability for
improvidence in the exercise of the power.—3 Brick. Dig.
464, § 139; *Curry v. Peebles*, 83 Ala. 225.

It results from these considerations, that the claim of the
widow and minor children, to have the tangible personal

[Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.]

property set apart to them as exempt, was not cut off by the disposition of that property by the executor. That property was not assets of the estate, for the purpose of administration ; the representative should not have been charged with it in the first instance, nor credited with the proceeds arising from its sale, and paid out on the debts of the estate.

The sale of the *choses* in action having, as we have shown, been made with authority, as to them the claim of exemption must be held to have been waived, and the executor was properly charged with their value, and credited with the amount of the proceeds arising from their disposition and devoted to the debts of the estate.

The rulings of the Probate Court were not in accord with the foregoing principles, and its judgment must be reversed.

The executor was properly allowed a credit for the taxes paid by him. It appears from a receipt offered in evidence, that the taxes paid were those for the year 1886, in which the testator died. The assessment was not only a charge on all of his property, but also a personal charge against him, and as such was properly paid by his representative.

It was not only the right, but the duty of the executor, to collect debts due the estate, by suit or otherwise; and he was properly allowed credits for costs which he had incurred and paid in his efforts to perform this duty.

For the errors indicated above, the judgment is reversed, and the cause remanded.