# McLean, *et al. v.* Martin, *et al.*

*Petition for Exemption of Personal Property.*

(Decided Dec. 19, 1907. 45 South. 295.)

1. *Executors; Family Allowance; Exempt Property: Appraisal.*— The right of the widow to apply for the setting aside of personal property exempt to her is not dependent upon the appointment of appraisers.

[McLean, et al. v. Martin, et al.]

2. *Same; Selection.*—A petition by a widow and minor children to have set apart to them $1,000.00 out of the proceeds of an insurance policy payable to the deceased husband's estate is a sufficient selection of such property.

3. *Same; Amendment.*—An application to have certain personal property of the deceased husband's estate set aside as exempt to the widow and minor children may be amended so as to insert the name of a minor child entitled to participate therein, since section 2082, Code 1896, does not require that such application be verified.

4. *Same; Property Subject to Exemption; Things in Action.*—The widow and minor children are entitled to exemption of personal property out of a life insurance policy payable to the husband's estate, as choses in action owing to a decedent are assignable as personal property under the exemption law.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

Petition by Lorena B. Martin and others to set aside for the use of herself and minor children $1,000 from the proceeds of a life insurance policy on the life of her deceased husband, to which James A. McLean, as executor, and others, filed objections. From an order granting the relief prayed, objectors appeal. Affirmed.

INGE & ARMBRECHT, for appellant. The court erred in permitting the amendment of the claim of exemptions. —*Brown v. Johnson Bros.*, 127 Ala. 292. Money on an insurance policy is not due or collectible until the death of the insured and on his death immediately ceases to belong to him but descends either according to the law of descent or by will, and hence, cannot be said to be property of the deceased, so as to be subject to exemptions under section 2073. A state law which increases exemptions, so far as it conflicts with debts previously contracted, impairs the obligation of the contract and is void.—*Fern v. Ward*, 65 Ala. 38; *Wilson v. Brown*, 58 Ala. 62; *Nelson v. McCreary*, 60 Ala. 209; 12 A. & E. Ency. of Law, 166.

JOHN E. MITCHELL, and HENRY TONSMEIRE, for appellee. The life insurance policy or the proceeds thereof

14 C

was subject to exemptions to the widow and minor children.—18 Cyc. 1381; *Williamson v. Harris,* 57 Ala. 42; *Chandler v. Chandler,* 87 Ala. 303; *Darden v. Reese,* 62 Ala. 313; *Kennedy v. Smith,* 99 Ala. 87. Certainly, an insurance policy is a chose in action subject to exemption as any other personal property.—Authorities supra; *Little v. McPherson,* 76 Ala. 556. The petition was properly amended.—*Martin v. Martin,* 22 Ala. 87; 2 Mayf. Dig. 111; *Hudson v. Stewart,* 48 Ala. 209. The commissioners were clearly authorized to amend their report to conform to petition as amended.—*Morland v. Ruffin,* Minor 18; *Nedham v. Newsome,* Id. 407; *Smith v. Leavitt,* 10 Ala. 92.

SIMPSON, J.—This is an appeal from a decree of the probate court setting apart as exempt for the use of the widow and minor children $1,000, being a part of the proceeds of a policy of life insurance on the life of the decedent. The petition of the widow, Lorena B. Martin, alleges (and the facts are not controverted) that the decedent, Robert S. Martin, at the time of his death owned "a life insurance policy ⁎ ⁎ ⁎ payable to his executor or administrator; that the amount due on said policy, towit, $2,136,69, has been paid over to G. Preston Martin as the administrator of decedent's estate." The appellants filed exceptions to the setting apart of the exemptions, and they here insist, first, that no appraisers of the estate of Robert S. Martin were appointed, and, second, that the widow and minor children have not "selected" the property set apart. To which it is sufficient to state that the right of the widow to apply for the setting apart the property exempt is not made by statute dependent upon the appointment of appraisers, and it is difficult to see how any injury could occur from the failure to appoint them, when the only property belong-

[McLean, et al. v. Martin, et al.]

ing to the estate was a certain sum of money in the hands of the administrator. The filing of the petition was a sufficient selection.

It is next insisted that the court erred in allowing the petition of the widow to be amended on the application of her attorneys in her behalf. It seems that it was ascertained that one of the minors had been omitted from the petition, and the amendment was made simply for the purpose of inserting his name. The statute (section 2082, Code 1896) does not require the application to be verified, and there is no reason why it could not be amended in the manner pointed out in the record, especially for so manifest a purpose, and when it could not in any manner affect the issues involved. The inserting or not inserting of the name of one of the minors affected only their rights as among themselves; and, if one of them should be left out, he could come in at any time and insist that he be made partaker of the money which the law requires to be set apart for all of them.

But the real question, which seems to be strenuously insisted upon, is that the policy of insurance and the proceeds thereof did not constitute a part of the personal property belonging to the decedent at the time of his death, and that therefore no part of it could be set apart as exempt for the use of the widow and minor children. Section 2 of the Code of 1896 declares "things in action" to be "personal property," and there is abundant authority for the proposition that a life insurance policy is a chose in action, and that when a man makes a policy payable to his representatives, or to his estate, the policy is his property and passes to his personal representative like any other personal property, and the proceeds thereof is a part of his estate.—1 Cooley's Briefs on Insurance, 84; *McLean v. Williams,* 116 Ga. 257, 42 S. E. 485, 59 L. R. A. 129; *St. John v. Am. Mut. Life Ins. Co.,*

13 N. Y. 31, 64 Am. Dec. 529; *Hutson v. Merrifield,* 51 Ind. 24, 19 Am. Rep. 722, 725; *Ionia County Sav. Bank v. McLean,* 84 Mich. 625, 48 N. W. 159, 160. This court has specifically declared that choses in action due the decedent are assignable as personal property under the exemption law.—*Darden, Adm'r, v. Reese,* 62 Ala. 311, 313; *Williamson v. Harris,* 57 Ala. 40, 42, 29 Am. Rep. 707; *Chandler v. Chandler,* 87 Ala. 300, 303, 6 South. 153; *Kennedy v. Smith,* 99 Ala. 83, 87, 11 South. 665.

The act of February 18, 1897 (Acts 1896-97, p. 1377), embodied in part in section 2607 of the Code of 1896, relates to a different subject, and we are not called upon to decide whether a party could claim under that act in addition to the regular exemption which applies to all personal property, nor whether that act is subject to the objections urged against it, as no claim under that act is before this court.

The decree of the court is affirmed.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.