40 So.2d 326

### ROBINSON v. EPPES.
#### 2 Div. 268.

Supreme Court of Alabama.
April 28, 1949.

Rehearing Denied May 19, 1949.

W. R. Withers, of Greensboro, and Leonard Lowery, Jr., of Linden, for appellant.

J.C. Camp, of Linden, and Henry McDaniel, of Demopolis, for appellee.

BROWN, Justice.

The appeal in this case is from a decree of the circuit court, sitting in equity, entered in the course of the administration of the estate of William C. Eppes, deceased, who died on the 21st day of November, 1947. Letters of administration on his estate were granted by the Probate Court of Marengo County on December 14, 1947, to Walter W. Eppes, a brother of deceased, and a number of claims were filed while the administration was pending in the probate court, among others one by Elizabeth B. Robinson as executrix of the will of John L. Robinson, deceased, said claim being based upon a judgment in an action of tort.

The decedent left a widow and one minor child and an insurance policy netting $1,802.95, which was collected by the administrator and the proceeds thereof were in his hands at the commencement of the proceedings, resulting in a decree setting apart $1,000 of said proceeds to the widow

**244**

and minor child as exempt from administration and the payment of debts of the deceased husband and father.

On the filing of a petition by the widow to have the exemption set apart to her and her minor child, the said Elizabeth Robinson, as executrix, filed an answer, setting up her said claim alleged to be in the sum of $3199.55, with waiver of exemption as to personal property, alleging that said claim was based on a judgment in tort rendered by the Circuit Court of Marengo County on the 22nd of March, 1947, and praying that the assets, the cash in the hands of the administrator, be subjected to her claim under said judgment. After the filing of said claims against the estate in the probate court, the administration of the estate was removed to the circuit court, in equity.

On submission of the petition by appellee on the testimony of Walter Eppes taken orally before the court and noted by the register (no testimony or evidence being noted by the contesting creditor), the court entered a decree granting the petition of the widow, setting apart $1,000 as exemption to the widow and minor child and denied the claim of the executrix of Robinson's estate.

The appeal is from that decree.

The major insistence of appellant is that the lien of said judgment attached to and covered the insurance policy and proceeds thereof and under said lien the executrix of Robinson was entitled to subject the entire proceeds to the payment of this claim under said judgment.

A sufficient answer to this contention is that appellant wholly failed to show compliance with §§ 584 and 585, Title 7, Code of 1940, providing for the registration of certificates of judgment. Moreover, if it had been shown, it could have availed appellant nothing, for the reason that said class of property, the insurance policy which is a chose in action and the proceeds thereof in the hands of the administrator, was not subject to levy and sale under execution. They were "things in action." Code of 1940, Tit. 7, § 519; McLean et al. v. Martin et al., 155 Ala. 208, 45 So. 295; Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912, 913;

Canterbury & Gilder v. Marengo Abstract Co., 166 Ala. 231, 52 So. 388, 389, 139 Am.St.Rep. 30.

The proceeds of the insurance policy in the hands of the administrator of the estate were subject to the claim of the widow and minor child and were exempt from administration and the payment of debts, whether or not said debts were exempt from levy and sale under execution or other process issued for the collection of debts against the debtor in his lifetime. As to the exemptions here claimed, the law intervenes and intercepts the title resting in the administrator during the administration of the estate and vests the same in the widow and minor child when claimed and set apart as exempt, by a decree of the court. McLean et al. v. Martin et al., 155 Ala. 208, 45 So. 295; Darden, Adm'r, v. Reese, 62 Ala. 311, 313; Williamson v. Harris, 57 Ala. 40, 42, 29 Am.Rep. 707; Chandler v. Chandler, 87 Ala. 300, 303, 6 So. 153; Kennedy v. Smith, 99 Ala. 83, 87, 11 So. 665.

We find no error in the record and the decree is due to be affirmed. It is so ordered.

Affirmed.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.